■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT BROSSOIT, Appellant.— HERLIHY, J. P. Appeal by the defendant from an order which denied his *coram nobis* petition without a hearing. The defendant alleges that his conviction was void because: (1) There was an unreasonable delay (54 days) between his arrest and indictment; (2) the arrest and indictment were

illegal because the victim never filed a complaint; (3) retained counsel did not advise him of the absence of the said written complaint. If we were to assume that the allegations as alleged were true, they would be insufficient to warrant any relief. Having entered a plea to one count of the indictment, *coram nobis* is not available to test the sufficiency of the said indictment, or to review matters which occurred before the finding of the indictment. (*People* v. *Darling,* 16 A D 2d 994.) Upon this appeal the defendant's counsel further alleges that there must be a hearing because the District Attorney did not file a written statement pursuant to section 342-a of the Code of Criminal Procedure upon accepting defendant's plea to the second count of the indictment. Even if the section was applicable the failure to comply with it is a mere irregularity, not affecting the validity of the judgment (*People* v. *Codarre,* 285 App. Div. 1087). It is clear that the last ground urged by defendant's counsel is without merit since the defendant did not plead guilty to a lesser offense than that charged in the indictment. Order affirmed. Reynolds, Aulisi and Staley, Jr., JJ., concur; Taylor, J., not voting.