■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CYRUS ELIJAH MOORE, JR., Appellant.— *Per Curiam.* Appeal from a judgment of the County Court, Delaware County, rendered March 6, 1967, upon a verdict convicting appellant of the crime of grand larceny, first degree. Appellant, the operator of a gas station for the Jet Hi-Test Corporation throughout May and part of June, 1966, was indicted for allegedly having taken "certain property owned by Jet Hi-Test Corp., having an aggregate value of $545.18, to wit; $545.18 in U. S. currency, which represented proceeds from the sale of gasoline owned by Jet Hi-Test Corp." and while "having in his possession, custody and control as commission agent * * * of Jet Hi-Test Corp. the sum of $545.18 in currency of the United States, owned by said Jet Hi-Test Corp., appropriated the same to his own use". While the indictment thus clearly charges the appellant with taking or appropriating $545.18 in cash, the evidence developed at the trial at most established that appellant misappropriated gasoline which, if sold, would have produced proceeds due Jet of $545.18. There is, however, no proof whatsoever that such proceeds were, in fact, actually received by appellant. A defendant can be convicted of a felony charge only where the Grand Jury has accused him of that crime or of the same crime in a higher degree (*People ex rel. Wachowicz* v. *Martin,* 293 N. Y. 361) and the indictment being in long form could not be amended at the trial (see Code Crim. Pro., § 293; compare Code Crim. Pro., § 295-j, which permits amendment at the trial for short form indictments). Concededly, it is difficult to see any real prejudice sustained by the appellant in preparing his defense but the People also had ample opportunity to introduce a proper charge and yet did not do so. Accordingly, since the misappropriation charged in the indictment and that proved at the trial are not the same, the conviction cannot stand. Judgment reversed, on the law, and indictment dismissed. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam.*

■ In the Matter of the Estate of CLARA A. HARMON, Deceased. LEORA M. WALCZAK et al., Respondents; BANK OF GOUVERNEUR, Appellant. (And Two Other Proceedings.) — MEMORANDUM BY THE COURT. Appeals from orders of the Surrogate's Court of St. Lawrence County, entered April 7, 1967, April 21, 1967 and May 23, 1967, which vacated demands for jury trials made by respondents. Under all the circumstances, including the protracted and unnecessary delays, we find the Surrogate's discretion was properly exercised. Orders affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by the court.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM H. STEVENS, Appellant.— MEMORANDUM BY THE COURT. Appeal from an order denying a writ of error *coram nobis.* The appellant pleaded guilty to an indictment charging grand larceny, second degree, and seeks upon this motion to contest the property value of $100. He is not entitled to such relief. Order affirmed. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by the court.

■ In the Matter of SCHENECTADY POST 357, VETERANS OF FOREIGN WARS, Petitioner, v. NEW YORK STATE BINGO CONTROL COMMISSION, Respondent.— MEMORANDUM BY THE COURT. Determination confirmed, without costs. (See *Matter of Inwood Post No. 581, American Legion* v. *State Bingo Control Comm.,* 17 N Y 2d 699.) Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by the court.