*177 OPINION OF THE COURT
Edward M. Davidowitz, J.
Defendant moves, pursuant to CPL 440.10 (1) (g), (h), for an order vacating his judgment of conviction, upon a plea of guilty, and for a new trial, or, in the alternative, for a hearing upon this motion, on the ground that newly discovered evidence established that a lineup procedure conducted on January 29, 1993 in connection with indictment No. 1221/93 was unduly suggestive and violated his constitutional right to due process.
Defendant submitted an affidavit from Burnard Mitchell, an inmate at the Elmira Correctional Facility, where they are currently confined, in support of the motion. Mitchell reported that he was one of five fillers at defendant’s lineup. He and four others were sitting in the station house before the lineup began when two detectives walked past them with four witnesses — a black couple and a white couple. One of the detectives, Mitchell said, told the witnesses that the five men were going to be in the lineup and that none of them was the man who robbed them.
Defendant argues that this evidence could not have been with due diligence obtained before the Wade hearing and, had it been received, the court’s decision probably would have been favorable to him. He alleges that the court’s denial of his suppression motion induced him to plead guilty on both indictments.*
The People argue that defendant’s motion must be denied since it is not conditioned upon a conviction after trial in accordance with CPL 440.10 (1) (g); the evidence submitted in support of the motion was discoverable before trial with the exercise of due diligence, and, in any event, is unreliable and would not have altered the court’s decision; and the record of the Wade hearing, and other evidence obtained by the People from the police and witnesses at the lineup refute defendant’s allegations of suggestivity.
Defendant replied that the People’s construction of CPL article 440 is too narrow and incorrect.
Defendant’s motion to suppress the lineup identification was denied after a hearing on November 1, 1993. He pleaded guilty on July 5, 1994 to robbery in the first degree under indictment *178 No. 1221/93 and attempted robbery in the first degree under indictment No. 9009/92. He was sentenced as a second felony offender on July 21 to indeterminate terms of imprisonment of 6 to 12 years and 4 to 8 years. Those sentences were to run concurrently with a 121/2-to-25-year sentence on his conviction after trial in the New York County case.
A transcript of the Wade hearing was submitted by the People with their opposing affirmation. Detective William Carter testified at the hearing and provided a complete account of the whereabouts of defendant, the witness, and the fillers before the lineup, and the time sequence and circumstances attending the lineup procedure. According to Carter, the witness, fillers and defendant never saw each other before the lineup began. The hearing court concluded that Carter was credible, and believable, that the lineup was not suggestive and denied defendant’s motion to suppress it (People v Mitchell, 185 AD2d 249).
CPL 440.10 (1) (g) provides that a judgment of conviction may be vacated on grounds of newly discovered evidence when the judgment was based upon a verdict of guilty after trial. Other provisions of CPL 440.10 (1) — paragraphs (c), (d) and (f) for example — carry out that principal and also refer to grounds for relief based upon misconduct during a trial. The entry of a guilty plea therefore before trial forecloses coram nobis relief (People v Latella, 112 AD2d 321, lv denied 65 NY2d 983, lv denied upon reconsideration 66 NY2d 616; People v Lynn, 28 NY2d 196; People v Stevens, 30 AD2d 1018; People v Brossoit, 26 AD2d 843).
Defendant, nevertheless, argues that his guilty plea does not operate as a waiver of his right to relief on grounds of newly discovered evidence, even though CPL article 440 and case law is expressly to the contrary. He suggests that guilty plea convictions have been vacated under article 440 and cites several cases in support of that result. Those decisions, however, hold, in general, that a guilty plea does not necessarily operate as a waiver of a defendant’s right to challenge the People’s failure to disclose exculpatory evidence to him (People v Ortiz, 127 AD2d 305; People v Armer, 119 AD2d 930; People v Curry, 164 Misc 2d 969; People v Benard, 163 Misc 2d 176). And the thrust of those cases seems to be that guilty pleas may be vacated when defendants were unaware of important exculpatory information at the time the pleas were entered; that is, they were not fully informed about facts which could have affected their decision to plead guilty in the first place and article 440 provided an appropriate remedy (People v Lynn, supra).
*179 That is not the case herein, for defendant argues that Mitchell’s testimony might have influenced the court’s decision, not his. That distinguishing feature separates those cases from this one in an important respect and the rule that prohibits collateral attack against convictions based on guilty pleas applies.
In any event, Mitchell’s affidavit does not form a basis for relief. People v Priori (164 NY 459) sets forth six issues for trial courts to consider when evaluating newly discovered evidence claims, all of which must be present. The evidence: (1) probably will change the result if a new trial is granted; (2) must have been discovered after the trial; (3) could not have been discovered before trial with due diligence; (4) must be material to the issues; (5) must not be cumulative; and (6) must not merely impeach or contradict the trial evidence. The evidence does not meet all these criteria.
In the first place, Mitchell’s affidavit is not credible and believable. Basically, it purports to discredit and impeach Detective Carter’s testimony and does not therefore qualify as newly discovered evidence (People v Priori, supra; People v Salemi, 309 NY 208). Moreover, it is suspect. Interviews with some of the lineup participants and the police disclose that two couples did not come to the precinct together to view the lineup — some of them came separately — and those who saw it did not see the fillers beforehand. Under all of the circumstances, it is improbable that the hearing court would alter its decision and the result would have been the same.
Finally, in view of the foregoing findings defendant did not support his allegations that his constitutional due process rights were impaired and his motion is denied.

 A similar motion, based upon the same evidence, was denied by the Supreme Court, New York County, on October 7, 1996 for an indictment (793/93) that arose out of the same lineup.