■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE SCRETCHEN, Appellant. [703 NYS2d 760] —Crew III, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered March 1, 1999, convicting defendant upon his plea of guilty of the crime of promoting prison contraband in the first degree.

Pursuant to a plea bargain, defendant pleaded guilty to the first count of a three-count superior court information charging defendant with promoting prison contraband in the first degree and waived his right to appeal. In accordance with the plea

bargain, the People recommended an indeterminate term of imprisonment of 2 to 4 years. County Court, however, sentenced defendant as a second felony offender to an indeterminate term of imprisonment of 2½ to 5 years. Defendant now appeals.

Initially, defendant contends that because counsel failed to advise him of the availability of an entrapment defense, his plea should be vacated. As a starting point, we note that defendant, by his notice of appeal, has appealed only from the sentence imposed on the ground that it was harsh and excessive. Accordingly, his argument for vacatur is not before us. Moreover, inasmuch as defendant did not move to vacate the judgment or withdraw his plea, his claim is unpreserved for our review (see, People v Soto, 259 AD2d 904). Finally, to the extent that defendant claims ineffective assistance of counsel by reason of the failure to advise him regarding the entrapment defense, such assertion is dehors the record, preventing us from addressing it.

With regard to defendant's contention that the sentence was harsh and excessive, we need note only that defendant has failed to preserve this issue in that he did not move to withdraw his plea (see, People v Hartford, 217 AD2d 798, 800). We also find no merit to the contention that his sentence should be reduced in the interest of justice.

Cardona, P. J., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.