Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIN M. OLIVER, Appellant. [714 NYS2d 808] —Spain, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered November 8, 1999, convicting defendant upon his plea of guilty of the crime of sodomy in the first degree.

Defendant waived indictment and pleaded guilty to sodomy in the first degree in satisfaction of a superior court information charging him with various crimes arising from his sexual

abuse of several children. Defendant waived his right to appeal all issues except "the right to appeal [his] sentence." At the time of the plea, County Court advised defendant that it had not committed to a specific sentence and explained the range of available sentencing options, including the maximum potential fine and term of imprisonment. Sentenced as a second felony offender to a determinate term of 25 years in prison and a $5,000 fine, both of which were the statutory maximum (*see*, Penal Law § 70.06 [6] [a]; § 80.00 [1] [a]), defendant now appeals.

Defendant's sole contention on appeal is that both his prison sentence and the fine imposed are harsh and excessive and should be reduced in the interest of justice. We disagree. Initially, we interpret defendant's expressed retention of the right to appeal his "sentence" to have preserved his right to challenge the sentence as harsh or excessive (*see*, *People v George*, 261 AD2d 711, 714-715, *lv denied* 93 NY2d 1018). Given defendant's considerable criminal history which includes a previous conviction for attempted sexual abuse of a child and the gravity of defendant's admitted exploitation of an innocent child in the instant case, we find no abuse of discretion or extraordinary circumstances warranting modifying defendant's prison sentence (*see*, *People v Fox*, 274 AD2d 665; *People v Johnson*, 267 AD2d 609, 610; *People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872).

Finally, we reject defendant's challenge to the fine imposed. In our view, the imposition of the maximum allowable fine was an appropriate exercise of County Court's discretion (*see*, *People v Taylor*, 112 AD2d 597). Although it is conceded that defendant is indigent, a defendant's economic circumstances is but one of the factors that a court must consider when imposing a fine (*see*, Penal Law § 80.00 [1] [also requiring the trial court to consider, *inter alia*, the conduct in which defendant engaged and its impact on victims]). Accordingly, considering the serious nature of the crime and the age of the victim, we decline to disturb County Court's determination in this regard.

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.