■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY E. BRICKEY, Appellant. [769 NYS2d 909]—Mercure, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered December 16, 2002, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

Defendant was charged in a 10-count indictment with various crimes arising from incidents occurring between September 2001 and December 2001 during which he had sexual contact with his minor step-granddaughter. He subsequently entered an *Alford* plea to the crime of sexual abuse in the first degree in full satisfaction of the indictment. Under the terms of the plea agreement, defendant waived his right to appeal, except with respect to the sentence, and was to be sentenced to a prison term of "up to seven years." At sentencing, County Court imposed a seven-year prison term, to be followed by a three-year period of postrelease supervision, as well as a $5,000 fine and an order of protection.

On appeal, defendant contends that the sentence and fine are

harsh and 'excessive. Initially, we note that County Court imposed the statutorily authorized maximum sentence, which defendant was informed that the prosecution would recommend as part of the plea bargain (*see* Penal Law § 70.02 [3] [c]). Given the heinous nature of the crime involving defendant's abuse of a position of trust, as well as his extensive criminal history which includes prior sex crimes, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Agan*, 301 AD2d 968, 968 [2003]; *People v Shook*, 294 AD2d 710, 713-714 [2002], *lv denied* 98 NY2d 702 [2002]). Moreover, County Court had authority to impose the fine (*see* Penal Law § 80.00 [1] [a]) and, considering the nature of defendant's conduct and that he was informed of this potential consequence during the plea proceedings, we find no reason to disturb it (*see People v Oliver*, 276 AD2d 930, 931 [2000]).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.