■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY E. BRICKEY, Appellant. [809 NYS2d 634]—

Lahtinen, J. Appeal from a judgment of the County Court of Essex County (Halloran, J.), rendered March 23, 2004, convicting defendant upon his plea of guilty of the crimes of course of sexual conduct against a child in the second degree and endangering the welfare of a child.

Defendant waived indictment and was charged by superior court information with course of sexual conduct against a child in the second degree and endangering the welfare of a child based upon his sexual contact with the minor victim between September 2001 and December 2001. Pursuant to a negotiated plea agreement, defendant pleaded guilty to both counts and waived his right to appeal. Defendant was thereafter sentenced to concurrent prison terms of seven years on the sexual conduct conviction and one year on the endangerment conviction, to run consecutively with a sentence he was then serving. Defendant now appeals.

Initially, defendant contends that his trial counsel was ineffective in failing to raise a speedy trial objection. We note, however, that defendant, by his notice of appeal, appeals only from the sentence imposed as harsh and excessive. Accordingly, his claim for vacatur of the plea on the basis of ineffective assistance is not properly before us (*see People v Scretchen*, 270 AD2d 515, 516 [2000]).

Notwithstanding the express limitation in the notice of appeal, however, we agree with defendant that his sentence is illegal and we, therefore, reduce it in the interest of justice (*see* CPL 470.15 [3] [c]). Pursuant to Penal Law § 70.25 (2-e), "Whenever a person is convicted of . . . course of sexual conduct against a child in the second degree as defined in section 130.80 and any other crime under article one hundred thirty committed against the same child and within the period charged under section . . . 130.80, the sentences must run concurrently." Defendant was previously convicted of sexual abuse in the first degree (*see* Penal Law § 130.65 [3]) for his sexual contact with the same victim during the same time period (*People v Brickey*, 3 AD3d 603 [2004], *lv denied* 2 NY3d 737 [2004]). Thus, inasmuch as defendant is still subject to an undischarged term of imprisonment for that conviction (*see* Penal Law § 70.25 [1]), his sentence for the instant offense of course of sexual conduct

against a child in the second degree was required to run concurrently therewith by operation of Penal Law § 70.25 (2-e).

We have reviewed defendant's remaining contentions and find that they are either academic or lacking in merit.

Spain, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by directing that all sentences imposed upon defendant run concurrently to one another, and, as so modified, affirmed.