THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOE GREEN, JR., Also Known as JOSEPH GREEN, JR., Appellant. [825 NYS2d 891]—Appeal from a judgment of the Livingston County Court (Ronald A. Cicoria, J.), rendered March 22, 2005. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree and forcible touching (three counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count of burglary in the second degree (Penal Law § 140.25 [2]) and three counts of forcible touching (§ 130.52). Defendant failed to preserve for our review his contention that the sentence imposed by County Court improperly penalized him for declining the plea offer and exercising his right to a jury trial (*see People v Hurley*, 75 NY2d 887 [1990]). In any event, we conclude that the sentence imposed "was not the product of vindictiveness" (*People v Thompson*, 299 AD2d 889, 890 [2002], *lv denied* 99 NY2d 585

[2003]). By failing to object to the court's jury instructions, defendant also failed to preserve for our review his contention that he was deprived of a fair trial by erroneous and confusing jury instructions (*see* CPL 470.05 [2]; *see also People v Whalen*, 59 NY2d 273, 279-280 [1983]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject defendant's further contention that the jury should not have credited the testimony of the victim and the other witnesses and that the verdict thus is against the weight of the evidence. The jury's credibility determination is entitled to great deference, and we conclude that the jury did not fail to give the evidence the weight it should be accorded (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Hurlbutt, J.P., Gorski, Smith and Pine, JJ.