(July 31, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS M. LOWE, Appellant. [863 NYS2d 275]—Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered January 20, 2006, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.

Defendant waived indictment and, pursuant to a negotiated agreement, pleaded guilty to a superior court information charging him with grand larceny in the fourth degree. Defendant thereafter was sentenced, as a second felony offender, to the agreed-upon term of 2 to 4 years to be served as a parole supervision sentence at the Willard Drug Treatment Facility. This appeal ensued.

Defendant, who was released to parole supervision in January 2007, argues only that the agreed-upon sentence imposed was harsh and excessive. We are unpersuaded. "A sentence that is within the permissible statutory range will not be disturbed unless the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification" (*People v Ciarleglio*, 299 AD2d 571, 572 [2002] [citations omitted]; *see People v Brown*, 46 AD3d 949, 952 [2007], *lv denied* 10 NY3d 808 [2008]; *People v Mason*, 2 AD3d 1207 [2003]). Here, a review of the presentence investigation report reveals defendant's extensive criminal history, which dates back to 1975, as well as his documented pattern of parole and probation violations. Thus, although defendant indeed received the maximum sentence permissible by statute (*see* Penal Law § 70.06 [3] [e]; [4] [b]), we find neither a clear abuse of discretion nor the existence of any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v McKenzie*, 28 AD3d 942, 943 [2006], *lv denied* 7 NY3d 759 [2006]; *People v Ciarleglio*, 299 AD2d at 572; *see also People v Brickey*, 3 AD3d 603, 604 [2004], *lv denied* 2 NY3d 737 [2004]).

Cardona, P.J., Spain, Carpinello, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed.