■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN A. SHULTIS, Appellant. [876 NYS2d 740]—

Cardona, P.J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered September 19, 2007, upon a verdict convicting defendant of the crimes of criminal sexual act in the first degree (five counts), sexual abuse in the first degree (two counts), possessing a sexual performance by a child (16 counts), use of a child in a sexual performance (three counts) and endangering the welfare of a child.

Defendant was charged with multiple crimes after an investigation revealed that he had engaged in a series of sexual acts with his girlfriend's granddaughter (born in 1994) between 2002 and 2006. Following a hearing, County Court denied

---

defendant's motion to suppress photographs taken from his home and his subsequent statements to police. Thereafter, defendant was convicted of all charges and sentenced to a prison term totaling 125 years, reduced by operation of law to 50 years (*see* Penal Law § 70.30 [1] [e] [vii] [A]), followed by a period of postrelease supervision.

Initially, we are unpersuaded by defendant's contention that Judge Czajka's failure to recuse himself—based upon his alleged comments at a prior Family Court proceeding demonstrating bias against defendant—was an abuse of discretion and violated defendant's right to due process. Inasmuch as this basis for recusal does not involve a mandatory statutory disqualification pursuant to Judiciary Law § 14, the trial judge was the sole arbiter regarding recusal (*see People v Moreno* 70 NY2d 403, 405 [1987]; *People v Wallis*, 24 AD3d 1029, 1031 [2005], *lv denied* 6 NY3d 854 [2006]). We find no support in this record to indicate that he abused his discretion. Furthermore, in denying that he made any prejudicial statements regarding defendant, the judge was not testifying as a witness against defendant but rather was "laboring to elucidate what originally took place before [him]" (*People v Alomar*, 93 NY2d 239, 247 [1999]).

Next, under the circumstances herein, we find no error in County Court denying defendant's motion to suppress the photographs obtained from defendant's home. Senior Investigator William Foster testified that, after being informed that the warrant to search defendant's home had been signed and was en route, Foster and Investigator Mark Dunspaugh, along with two other officers, arrived at defendant's home. Foster identified himself to defendant as an investigator and asked defendant if they could speak away from the house. Once outside, Foster informed defendant that they were there investigating the sex abuse of a young girl. He further indicated that they were aware that inappropriate photographs of the girl were in defendant's home and had a warrant to search for those photographs. Defendant, who never asked to see the warrant, then motioned for Foster to follow, saying "Come on . . . I'll show you what you're looking for." Foster and Dunspaugh followed defendant inside the home to the living room where defendant handed Foster a folder containing photographs of the young girl "in various sexual acts and displays." The three men then exited the home. Shortly thereafter, the search warrant arrived and a search of the home was commenced.

Defendant's contention that the photographs were obtained through an illegal search and seizure or by a search conducted pursuant to coerced consent is misplaced. The record clearly

establishes that, after Foster accurately informed defendant that a search of his home had been authorized, defendant voluntarily produced the photographs before any search of the premises was undertaken. In other words, the photographs did not come into the investigators' possession as the result of a search; rather, defendant voluntarily and preemptively relinquished them. Given that conclusion, defendant's challenge to the voluntariness of his statements to the police as the fruits of an unlawful search is also without merit.

Although defendant sets forth various factors in support of his contention that the sentence imposed is harsh and excessive, they do not mitigate the heinous nature of his crimes perpetrated on an innocent young girl over a prolonged period of time nor his inability to accept full responsibility for his conduct. Accordingly, we find no abuse of discretion in County Court imposing the sentence nor do we discern any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Masters*, 36 AD3d 959, 960-961 [2007], *lv denied* 8 NY3d 925 [2007]). Furthermore, we find the imposition of the $5,000 fine to be an appropriate exercise of the court's discretion (*see* Penal Law § 80.00 [1]; *see also People v Oliver*, 276 AD2d 930, 931 [2000]).

We do, however, agree that the scope of the order of protection directing that he "avoid all contact direct or indirect with all individuals under the age of 18" was overly broad inasmuch as it extends to individuals unrelated to the criminal action (*see* CPL 530.13 [4]).

Peters, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as entered an order of protection in favor of "all individuals under the age of 18"; said order vacated and matter remitted to the County Court of Columbia County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.