■ The People of the State of New York, Respondent, v Phillip P. Battease, Appellant. [939 NYS2d 194]—

Lahtinen, J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered July 21, 2010, which resentenced defendant following his conviction of the crimes of criminal sale of a controlled substance in the fifth degree, coercion in the first degree and incest in the third degree.

The facts are set forth in our decision in defendant's prior appeal (74 AD3d 1571 [2010], *lv denied* 15 NY3d 849 [2010]). In that appeal, we reversed defendant's conviction on two of the five counts of which he had been convicted, vacated the sentence, and remitted for resentencing on the remaining three counts (*id.* at 1577-1578). Upon remittal, County Court sentenced defendant, as a persistent felony offender, to three concurrent terms of 20 years to life in prison. Defendant appeals.

Defendant contends that the persistent felony offender statute (*see* Penal Law § 70.10) violates his right to equal protection because other statutory sentencing enhancements for recidivists do not permit consideration of convictions occurring more than 10 years earlier. We are unpersuaded. As we observed in a case rejecting an equal protection argument regarding the persistent felony and persistent violent felony offender sentencing statutes,

"[i]t is well settled . . . that [t]he Legislature may distinguish among the ills of society which require a criminal sanction, and prescribe, as it reasonably views them, [appropriate sanctions]" (*People v Turner*, 234 AD2d 704, 707 [1996] [internal quotation marks and citation omitted]; *see People v Beckwith*, 309 AD2d 1253, 1254 [2003]). To the extent that defendant continues to challenge his sentence under *Apprendi* (*see Apprendi v New Jersey*, 530 US 466 [2000]), we addressed that issue in his earlier appeal. In any event, since such time the Second Circuit, sitting en banc, vacated a decision that had found New York's persistent felony offender statute to be constitutionally defective under *Apprendi* and its progeny (*see Portalatin v Graham*, 624 F3d 69 [2nd Cir 2010], *cert denied* 562 US —, 131 S Ct 1693 [2011]).

The People sustained their burden of proving defendant's prior felony convictions upon which his status as a persistent felony offender was predicated. At defendant's original sentencing, County Court determined, following a hearing, that defendant was a persistent felony offender, and that determination was not altered on appeal. The record contains defendant's certificates of conviction, and he is identified by, among other things, name, date of birth, Social Security number, and NYSID number (*see People v Shaw*, 83 AD3d 1101, 1102-1103 [2011], *lv denied* 17 NY3d 801 [2011]; *People v Richards*, 266 AD2d 714, 715-716 [1999], *lv denied* 94 NY2d 924 [2000]).

We are unpersuaded by defendant's argument that his sentence was harsh and excessive. In light of the nature of defendant's crimes and his extensive criminal history, County Court did not abuse its discretion, and we find no extraordinary circumstances warranting a reduction of the sentence (*see People v Portee*, 56 AD3d 947, 950 [2008], *lv denied* 12 NY3d 820 [2009]; *People v Murray*, 267 AD2d 492, 495 [1999], *lv denied* 94 NY2d 923 [2000]). Nor do we find an abuse of discretion in the court's assessment of a $3,000 fine (*see People v Shultis*, 61 AD3d 1116, 1118 [2009], *lv denied* 12 NY3d 929 [2009]; *People v Oliver*, 276 AD2d 930, 931 [2000]).

Defendant contends in a pro se brief that various errors occurred at trial. Those arguments "should have been raised on the appeal from the original judgment of conviction and may not be raised on appeal from resentencing" (*People v Gantt*, 77 AD3d 988, 989 [2010]). The remaining arguments have been considered and are unavailing.

Peters, J.P., Rose, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.