## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:    September 29, 2016            107383
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                               MEMORANDUM AND ORDER

JOSHUA A. COTTER,
                        Appellant.
_____

Calendar Date:    September 12, 2016

Before:    Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ.

_____

        Susan Patnode, Rural Law Center of New York, Castleton
(Cynthia Feathers of counsel), for appellant.

        Mary E. Rain, District Attorney, Canton (Peter F. Stroe of
counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered February 3, 2015, which revoked
defendant's probation and imposed a sentence of imprisonment.

        In September 2010, defendant was sentenced in Wayne County
to six months in jail and five years of probation, following his
guilty plea to attempted burglary in the second degree, burglary
in the third degree and three counts of petit larceny.  His
probation supervision was transferred to St. Lawrence County in
November 2010.

        In March 2014, defendant admitted to violating the
conditions of his probation by failing to report to his probation

officer on five occasions in 2013 and failing to report at all during 2014, by being discharged from a chemical dependency treatment program and for using marihuana. County Court adjourned resentencing to provide defendant with an opportunity to complete a substance abuse treatment program. In September 2014, after defendant's urine tested positive for oxycodone and his probation officer reported that he noticed a strong smell of marihuana during a visit to defendant's residence, resentencing was again adjourned to allow defendant another opportunity to complete the treatment program. Defendant reappeared before County Court in December 2014 after he tested positive for barbituates and oxycodone and, in addition, missed an appointment with a chemical dependency treatment provider. County Court offered to adjourn resentencing upon the understanding that anything short of a successful stint in drug treatment would result in the revocation of probation and the imposition of an aggregate prison sentence of 6⅔ to 10 years to be followed by three years of postrelease supervision. Defendant agreed, but was unsuccessfully discharged from a substance abuse treatment program in February 2015. County Court thereafter revoked defendant's probation and resentenced him as promised. Defendant now appeals.

Defendant's sole contention on appeal is that his sentence is harsh and excessive. We disagree. Despite being afforded numerous opportunities to avoid prison, he was unable to comply with the conditions of his probation. On the record before us, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Roach, 120 AD3d 1506, 1506 [2014]; People v Regan, 108 AD3d 983, 984 [2013]).

Egan Jr., J.P., Lynch, Clark and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.


                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court