Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered October 21, 2015, which revoked defendant’s probation and imposed a term of imprisonment.
 

 In satisfaction of a 12-count indictment, defendant pleaded guilty to the reduced charge of attempted burglary in the second degree and waived his right to appeal and, thereafter, was sentenced, in January 2012, to five years of probation. In January 2014, defendant was charged with violating various terms of his probation, including using marihuana and alcohol. Defendant admitted to violating the terms of his probation and was afforded two resentencing options: (1) if he successfully participated in a drug treatment program, he would continue probation with the understanding that, if he was unsuccessful, he would be sentenced to the maximum prison term of seven years; (2) the imposition of a 2V2-year prison term followed by two years of postrelease supervision. In accordance with defendant’s preference for the first option, County Court adjourned resentencing in order for defendant to participate in a drug treatment program. Thereafter, defendant, among other things, was unsuccessfully discharged from the drug treatment program and failed a jail drug test. As a result, in October 2015, County Court revoked defendant’s probation and resentenced him to a prison term of 6V2 years followed by three years of postrelease supervision. Defendant appeals.
 

 We are unpersuaded by defendant’s contention that the negotiated sentence imposed was harsh and excessive. Defendant was provided with a sentencing option and chose participation in a drug treatment program with a sentence of probation upon successful completion. He was repeatedly informed that his failure to successfully complete the drug treatment program would result in a prison term of seven years followed by three years of postrelease supervision. Notwithstanding defendant’s lack of criminal history and his substance abuse issues, we do not find that County Court abused its discretion in imposing a prison term of 6V2 years—a sentence that was less than that contemplated by the negotiated agreement and below the maximum permissible sentence for a class D violent felony (see Penal Law § 70.02 [3] [c])—nor do any extraordinary circumstances exist warranting a reduction of the sentence in the interest of justice (see generally People v Cotter, 142 AD3d 1253, 1254 [2016]; People v Cruz, 53 AD3d 986, 986 [2008]; People v Lowe, 53 AD3d 982, 983 [2008]).
 

 Peters, P.J., Rose, Devine, Clark and Pritzker, JJ., concur.
 

 Ordered that the judgment is affirmed.