■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN ZEMAN, Appellant. [65 NYS3d 827]—

Appeal from a judgment of the Onondaga County Court (Walter W. Hafner, Jr., A.J.), rendered June 1, 2016. The judgment convicted defendant, upon a jury verdict, of assault in the second degree and assault in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him

upon a jury verdict of, inter alia, assault in the second degree (Penal Law § 120.05 [2]), defendant contends that the verdict is against the weight of the evidence with respect to that crime. We reject that contention. Viewing the evidence in light of the elements of the crime as charged to the jury, we conclude that "the People proved beyond a reasonable doubt all elements of the crime[ ] charged" (*People v Stepney*, 93 AD3d 1297, 1298 [4th Dept 2012], *lv denied* 19 NY3d 968 [2012]; *see People v Danielson*, 9 NY3d 342, 349 [2007]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). In particular, the credible evidence established that defendant caused physical injury to the victim by striking her multiple times with a broom, which constituted a dangerous instrument inasmuch as the circumstances of its use made it readily capable of causing serious physical injury (*see* § 10.00 [9], [13]; *People v Becker*, 298 AD2d 986, 986 [4th Dept 2002], *lv denied* 99 NY2d 555 [2002]; *People v Flowers*, 178 AD2d 682, 682 [3d Dept 1991], *lv denied* 79 NY2d 947 [1992]).

Defendant failed to preserve for our review his contentions that he was denied a fair trial based upon prosecutorial misconduct (*see People v Smith*, 129 AD3d 1549, 1549-1550 [4th Dept 2015], *lv denied* 26 NY3d 971 [2015]), that the victim's testimony at trial rendered the indictment duplicitous (*see People v Allen*, 24 NY3d 441, 449-450 [2014]; *People v Garner*, 145 AD3d 1573, 1574 [4th Dept 2016], *lv denied* 29 NY3d 1031 [2017]), and that he was deprived of a fair trial by improper jury instructions (*see People v Green*, 35 AD3d 1211, 1212 [4th Dept 2006], *lv denied* 8 NY3d 985 [2007]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Finally, we reject defendant's contention that he was denied effective assistance of counsel inasmuch as he failed to " 'demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712 [1998]; *see generally People v Baldi*, 54 NY2d 137, 147 [1981]). In particular, defendant was not denied effective assistance of counsel by defense counsel's failure to make certain motions or arguments that had "little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287 [2004], *rearg denied* 3 NY3d 702 [2004]). Present—Centra, J.P., Peradotto, DeJoseph, NeMoyer and Curran, JJ.