People v Duggins (2018 NY Slip Op 03771)





People v Duggins


2018 NY Slip Op 03771


Decided on May 24, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2018

106996

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
TOBBY DUGGINS, Appellant.

Calendar Date: April 27, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Samantha E. Koolen, Albany, for appellant, and appellant pro se.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephanie Milks of counsel), for respondent.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered March 11, 2014, convicting defendant upon his guilty plea of the crime of criminal sale of a controlled substance in the third degree.
In satisfaction of a two-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree (see Penal Law § 220.39 [1]). He was thereafter sentenced, as a second felony offender and consistent with the terms of the plea agreement, to a prison term of six years, to be followed by three years of postrelease supervision. Defendant now appeals.
We affirm. Defendant's contention that his guilty plea was not knowingly, voluntarily and intelligently entered is unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion, despite the opportunity to do so prior to the imposition of his sentence (see People v Williams, 27 NY3d 212, 214 [2016]; People v Conceicao, 26 NY3d 375, 381 [2015]; People v Young, 158 AD3d 955, 956 [2018]). Further, defendant made no statements during the plea colloquy to implicate the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Park, 159 AD3d 1132, 1133 [2018]).
Defendant's challenge to County Court's Sandoval ruling was forfeited upon entry of his guilty plea (see People v Sirico, 135 AD3d 19, 24 [2015], lv denied 27 NY3d 1075 [2016]; [*2]People v Ingram, 128 AD3d 1404, 1404 [2015], lv denied 25 NY3d 1202 [2015]; People v Nichols, 277 AD2d 715, 718 [2000]; People v Emerson, 141 AD2d 924 [1988]). As to defendant's ineffective assistance of counsel claim, his challenges to counsel's motion practice were similarly forfeited by his guilty plea (see People v Rutigliano, 159 AD3d 1280, 1281 [2018]; People v Kormos, 126 AD3d 1039, 1040 [2015]). To the extent that defendant's ineffective assistance of counsel claim impacts the voluntariness of his plea, such challenge is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Decker, 159 AD3d 1190, 1192 [2018]; People v Park, 159 AD3d at 1134). We also note that certain of defendant's arguments, including that counsel was ineffective for failing to advise him of and pursue an entrapment defense, concern matters outside of the record and are, thus, more properly pursued in a CPL article 440 motion (see People v Scretchen, 270 AD2d 515, 516 [2000]).
Finally, defendant's challenge to the severity of the sentence imposed is patently meritless. As County Court imposed the minimum permissible sentence (see Penal Law § 70.70 [4] [b] [i]), such sentence cannot be considered harsh or excessive (see People v Brown, 35 AD3d 957, 824 [2006], lv denied 8 NY3d 944 [2007]; People v Magar, 8 AD3d 689, 691 [2004], lv denied 3 NY3d 677 [2004]).
Defendant's remaining contentions, including those raised in his supplemental pro se brief, have been considered and determined to be without merit.
McCarthy, J.P., Egan Jr., Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.