People v Williams (2018 NY Slip Op 05091)





People v Williams


2018 NY Slip Op 05091


Decided on July 6, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND CURRAN, JJ.


604 KA 15-02121

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ISIAH WILLIAMS, DEFENDANT-APPELLANT. (APPEAL NO. 3.) 






ISIAH WILLIAMS, DEFENDANT-APPELLANT PRO SE. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Frederick G. Reed, A.J.), rendered December 4, 2015. The judgment convicted defendant, upon a jury verdict, of criminal possession of a forged instrument in the second degree (two counts), and scheme to defraud in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) and one count of scheme to defraud in the second degree (§ 190.60). We reject the contention of defendant that he was denied a fair trial when Supreme Court allowed the People to present testimony regarding the facts underlying count seven of the indictment, which was previously dismissed by this Court (People v Williams, 101 AD3d 1734, 1734 [4th Dept 2012]). That testimony was relevant to the crimes charged in counts 5 and 15 of the indictment and was therefore properly admitted at trial (see generally People v Davis, 43 NY2d 17, 27 [1977], cert denied 435 US 998 [1978], rearg dismissed 61 NY2d 670 [1983]; Jerome Prince, Richardson on Evidence § 4-101 at 136 [Farrell 11th ed 1995]).
By failing to object to the court's jury instruction, defendant failed to preserve for our review his contention that he was deprived of a fair trial by that instruction (see CPL 470.05 [2]; see also People v Green, 35 AD3d 1211, 1212 [4th Dept 2006], lv denied 8 NY3d 985 [2007]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's further contention that the grand jury proceeding was defective, requiring dismissal of the indictment (see CPL 210.35 [5]). Although one of the witnesses provided false testimony at the grand jury proceeding relating to count four of the indictment, that count was properly dismissed. Further, "[t]here is no indication that the People knowingly or deliberately presented false testimony before the Grand Jury, and thus there is no basis for finding that the integrity of the Grand Jury proceeding was impaired or [that] the [remaining counts of the] indictment [were] rendered defective by the alleged false testimony" (People v Klosin, 281 AD2d 951, 951 [4th Dept 2001], lv denied 96 NY2d 864 [2001]; see generally People v Huston, 88 NY2d 400, 406-407 [1996]; People v Miller, 110 AD3d 1150, 1150-1151 [3d Dept 2013]).
Contrary to defendant's contention, the court did not err in denying his request for a missing witness charge. "A request for a missing witness charge is properly denied where, as here, the party requesting the charge does not establish that the witness could have been expected to testify concerning a material issue" (People v Williams, 13 AD3d 1173, 1174 [4th Dept 2004], lv denied 4 NY3d 892 [2005], reconsideration denied 5 NY3d 796 [2005]; see People v Morris, [*2]159 AD2d 934, 934 [4th Dept 1990], lv denied 76 NY2d 793 [1990]).
Defendant failed to object to all but one of the allegedly improper remarks made by the prosecutor during opening and closing statements, and thus failed to preserve for our review his contention that he was denied a fair trial by those instances of alleged prosecutorial misconduct (see CPL 470.05 [2]; People v Simmons, 133 AD3d 1275, 1277 [4th Dept 2015], lv denied 27 NY3d 1006 [2016]). In any event, defendant's contention is without merit inasmuch as all of the challenged remarks were either a fair comment on the evidence or a fair response to defendant's summation (see Simmons, 133 AD3d at 1277-1278; see People v Kelly, 34 AD3d 1341, 1342 [4th Dept 2006], lv denied 8 NY3d 847 [2007]). Contrary to defendant's further contention, defense counsel's failure to object to the prosecutor's comments did not deprive defendant of effective assistance of counsel inasmuch as those comments did not constitute prosecutorial misconduct (see People v Hill, 82 AD3d 1715, 1715 [4th Dept 2011], lv denied 17 NY3d 806 [2011]). With respect to defense counsel's failure to object to the testimony of a prosecution witness and to elicitation by the prosecutor of testimony regarding defendant's nickname, "it is well settled that [a] defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success' " (People v Harris, 147 AD3d 1328, 1330 [4th Dept 2017]).
We also reject defendant's contention that the court erred in denying his request for substitute counsel inasmuch as the court made the requisite "minimal inquiry" into defendant's objections with respect to defense counsel (People v Sides, 75 NY2d 822, 825 [1990]; see People v Blackwell, 129 AD3d 1690, 1691 [4th Dept 2015], lv denied 26 NY3d 926 [2015]), and properly determined that "there was no basis for substitution of counsel or for further inquiry" (People v Zuniga, 149 AD3d 660, 660 [1st Dept 2017], lv denied 29 NY3d 1136 [2017]; see People v Medina, 44 NY2d 199, 206-210 [1978]). "Moreover, the timing and circumstances of defendant's [request] strongly suggest that it was a delaying tactic" (Zuniga, 149 AD3d at 660; see Medina, 44 NY2d at 208).
Contrary to defendant's contention, we further conclude that he was properly adjudicated a persistent felony offender. Even assuming, arguendo, that the People failed to comply with CPL 400.20, we conclude that "strict compliance with the statute was not required inasmuch as defendant received reasonable notice of the accusations against him and was provided an opportunity to be heard with respect to those accusations during the persistent felony offender proceeding" (People v Gonzalez, 61 AD3d 1428, 1429 [4th Dept 2009], lv denied 12 NY3d 925 [2009]; see People v Mateo, 101 AD3d 1458, 1461 [3d Dept 2012], lv denied 21 NY3d 913 [2013]; see generally People v Bouyea, 64 NY2d 1140, 1142 [1985]). Additionally, the court did not err in admitting in evidence documents that contained his social security number because defendant placed his identity at issue during the persistent felony offender hearing (see generally People v Battease, 93 AD3d 888, 889 [3d Dept 2012], lv denied 18 NY3d 992 [2012]).
We also reject defendant's contention that the court abused its discretion in sentencing him as a persistent felony offender. We conclude "that [defendant's] history and character . . . and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest" (Penal Law § 70.10 [2]; see People v Magin, 152 AD3d 1184, 1184 [4th Dept 2017], lv denied 30 NY3d 951 [2017]; People v Lewis, 292 AD2d 814, 814-815 [4th Dept 2002], lv denied 98 NY2d 677 [2002]).
Finally, we note that the certificate of conviction incorrectly states that defendant was convicted of count four of the indictment. Therefore, the certificate of conviction must be amended to reflect that count four of the indictment was dismissed (see generally People v Anderson, 79 AD3d 1738, 1739 [4th Dept 2010], lv denied 16 NY3d 856 [2011]).
Entered: July 6, 2018
Mark W. Bennett
Clerk of the Court