THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
RICHARD ORTIZ, Appellant.

Third Department, April 30, 1987

APPEARANCES OF COUNSEL

*James J. Brearton* for appellant.

*James B. Canfield, District Attorney (Paul D. Clayton* of counsel), for respondent.

## OPINION OF THE COURT

Mahoney, P. J.

On August 17, 1985, defendant took a nine-year-old girl to an apartment he was sharing with the child's grandmother and reportedly raped her. He told the infant that he would kill her if she told anyone. When the child returned home she promptly told her mother of the alleged attack. Defendant was subsequently indicted and charged with first degree rape.

Prior to trial, a *Sandoval* hearing was held. County Court ruled that all of defendant's prior convictions would be suppressed except one. The court determined that the People could inquire of defendant during cross-examination regarding a 1985 conviction for unlawfully dealing with a child. In connection with the same conviction, County Court ruled that the People could question defendant on the underlying allegations of the endangering the welfare of a child charge.

On that same day, an event occurred that impacts on several issues raised by defendant in support of his argument that his conviction should be reversed. Defense counsel gave the People a copy of a letter addressed to defendant from the Department of Social Services dated December 14, 1985. The letter concerned an unspecified report of suspected child abuse or maltreatment and read, in part, as follows: "We can now inform you * * * no credible evidence was found to believe that the child[ren] has been abused or maltreated. The report has, therefore, been considered 'unfounded'. In accordance with the law, all information * * * has been expunged * * * from the New York State Child Abuse and Maltreatment Register." It was not clear from the contents of the letter whether the child referred to was the victim in the instant case or some other child or incident.

Upon being informed of the letter, County Court, because of the sensitive nature of the case, decided to question relevant witnesses in camera. Subsequently, County Court's examination of two Child Protective Service (CPS) workers revealed that the child in the report was, in fact, the victim in this case and that although CPS had closed its file on defendant's report, this was not because it had investigated the incident and concluded that the charges against defendant were unfounded. Rather, the file had been closed because defendant was not a person in loco parentis with respect to the child and, thus, CPS had no jurisdiction to pursue the investigation. Accordingly, upon completion of its in camera examination, County Court advised defense counsel and the People of these facts and informed them that there was no exculpatory *Brady* material requiring disclosure, only testimony that implicated defendant.

On January 23, 1986, immediately prior to a hearing scheduled to examine the CPS workers by both parties to ensure that no unfairness to defendant resulted, defendant chose to forego the evidentiary hearing and pleaded guilty to the lesser

charge of attempted rape in the first degree. He was sentenced to an indeterminate term of imprisonment of 3 to 9 years. This appeal ensued.

Defendant contends that exculpatory evidence was withheld from him in violation of *Brady v Maryland* (373 US 83), that the *Sandoval* ruling was improper and that the prosecution was barred by the doctrines of double jeopardy or collateral estoppel. Initially, though not raised by the People, we must determine whether these contentions were waived by defendant's guilty plea. Clearly, the guilty plea operated as a waiver of defendant's right to challenge the *Sandoval* determination *(see, People v Zangrillo,* 105 AD2d 822, 823; *People v Gilliam,* 65 AD2d 533) and the merits of such claim need not be addressed. Also, while a constitutional claim of double jeopardy survives a guilty plea *(see, Menna v New York,* 423 US 61, 62), a claim of statutory previous prosecution does not *(People v Prescott,* 66 NY2d 216, 218, *cert denied* — US —, 106 S Ct 1804). Finally, based on the analysis set forth by the Court of Appeals in *People v Pelchat* (62 NY2d 97, 108), a claim of a violation of *Brady* rights should not be deemed waived by a guilty plea.

Turning to the merits, defendant contends that County Court erred in denying him access to the CPS workers and the child abuse reports sent to the District Attorney by the Department of Social Services. According to defendant, he was denied his rights under *Brady* due to the necessary deference that must be accorded the oral and written reports pertaining to child abuse and maltreatment pursuant to Social Services Law § 422. We disagree. It was necessary for County Court in the instant case to balance defendant's 6th Amendment rights to cross-examine an adverse witness and his right to any evidence material to the issue of guilt or innocence as set out in *Brady,* with the countervailing public interest in keeping certain matters confidential or privileged. Whenever this dilemma unfolds, the proper course of action for a court to take is to conduct an in camera examination of the evidence to determine whether the relevancy of the evidence outweighs the need for confidentiality *(see, People v Gissendanner,* 48 NY2d 543, 549-551).

County Court, in order to establish materiality and relevancy and to prevent unwarranted forays into the contested materials, quite properly conducted in camera hearings of the CPS workers and inspected two child abuse reports. An examination of the court's questioning of the two CPS workers

confirms County Court's conclusion that the confidentiality of this information need not have been disturbed. There is no shred of evidence in the record that the letter to defendant from the Department of Social Services stating that the charges were "unfounded" was anything but paperwork error. Further, it is clear that no investigation was conducted regarding defendant because he was not in loco parentis to the child.

Next, defendant's argument concerning his denial of access to the two reports submitted to County Court by the People is without merit. Defendant has presented no proof that persuades us to the view that County Court acted improperly in suppressing the reports. Further, we note that defendant had an opportunity for a full hearing on the relevancy of these confidential matters and chose to forego that opportunity and enter a plea of guilty to a reduced charge.

Finally, defendant contends that the letter from the Department of Social Services which stated that the charges against defendant were unfounded should be given preclusive effect so as to bar the instant prosecution on collateral estoppel or double jeopardy principles. To the extent that defendant's contention is based on collateral estoppel or statutory double jeopardy (CPL 40.20 [1]) theories, such contention does not survive the guilty plea. Turning to the constitutional double jeopardy issue, since the action of the Department of Social Services did not constitute the equivalent of a formal charge and trial, jeopardy did not attach at that time *(see, United States ex rel. Rutz v Levy,* 268 US 390, 393; *United States v Oppenheimer,* 242 US 85, 87). Jeopardy cannot be said to have attached for double jeopardy purposes until the accused has been subjected to the risk of conviction *(Matter of Lockett v Juviler,* 65 NY2d 182, 187). Thus, defendant's double jeopardy claim is without merit.

MAIN, MIKOLL, LEVINE and HARVEY, JJ., concur.

Judgment affirmed.