■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VASIL LESIUK, Appellant.—Levine, J. Appeals (1) from a judgment of the County Court of Tompkins County (Barrett, J.), rendered March 10, 1989, upon a verdict convicting defendant of the crime of criminal sale of marihuana in the second degree, and (2) from a judgment of said court (Friedlander, J.), rendered June 7, 1989, which revoked defendant's probation and imposed a sentence of imprisonment.

When these appeals were previously before us (161 AD2d

21), we withheld decision and remitted the matters to County Court solely for a determination of whether defendant established the required materiality of the testimony of the informant, Charles Harvey, whose affidavit was submitted to the court in support of defendant's motion to set aside the verdict *(see, supra,* at 25-26). Specifically, County Court was required to weigh all the relevant circumstances, including Harvey's credibility, in order to determine whether there was a reasonable probability that the outcome of the trial would have been different had Harvey testified *(see, supra,* at 25). All other issues raised by defendant on both appeals were found by this Court to be without merit.

Upon remittal, County Court held a hearing at which Harvey testified that he saw no marihuana during the alleged transaction and that he believed the bag given to him by the undercover officer was empty. This testimony deviated materially from Harvey's affidavit in which he averred that the undercover officer gave him the marihuana which he took to defendant's car in a vinyl bag.

At the conclusion of the hearing, County Court found that Harvey's testimony denying the purchase of marihuana from defendant contained "no indicia of credibility" and that, had Harvey testified at trial, he would not have been believed. These findings by County Court, which had the opportunity to see and hear Harvey testify, are amply supported by the record and entitled to great deference *(see, People v Slater,* 173 AD2d 1024, 1025; *People v McCormick,* 162 AD2d 878, 879). Notably, and as pointed out by County Court, Harvey has an extensive criminal history and was subject to no penalty by the prosecution for changing his position in support of defendant. Moreover, Harvey's hearing testimony clearly undercut the defense theory that defendant was set up. In view of the foregoing, we are satisfied that there is no reasonable probability that the outcome of the trial would have been different had Harvey testified.

As a final matter, we note that defendant attempts in his supplemental brief to revive his previous argument that the People failed to use good-faith efforts to produce Harvey at the time of trial. This claim, however, was reviewed and rejected by this Court in its earlier decision and we find nothing in the hearing record warranting our reconsideration of the issue *(see, People v Barnes,* 155 AD2d 468, 468-469).

Mercure and Mahoney, JJ., concur.

Yesawich Jr., J. (dissenting). We vote to reverse and to

grant a new trial. Our reasons for doing so are set forth in the dissent issued when these appeals were previously before us (161 AD2d 21, 26-29).

Mikoll, J. P., concurs. Ordered that the judgments are affirmed.