■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER D. DROSSOS, Appellant. [738 NYS2d 724] —Rose, J. Appeal, by permission, from an order of the County Court of Broome County (Mathews, J.), entered December 15, 1999, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of criminal possession of a dangerous weapon in the first degree, without a hearing.

In July 1992, after his indictment for several crimes and pursuant to a negotiated plea agreement, defendant pleaded guilty to criminal possession of a dangerous weapon in the first degree. Describing his conduct in detail at the plea allocution, he admitted that he attached an explosive device to a police vehicle. He was then sentenced to an indeterminate prison term of 10 to 20 years. In April 1993, the People informed defense counsel that, in the course of a special investigation of evidence tampering by the State Police, a former State Police

Investigator confessed that a palm print evidencing defendant's contact with the vehicle was fabricated. Six years later, defendant moved to vacate his judgment of conviction pursuant to CPL 440.10 (1) (b), (c) and (h), alleging that his conviction was obtained by the use of false evidence and the prosecution knew of the evidence tampering prior to the entry of his plea. County Court denied the motion without a hearing, prompting this appeal.

Defendant contends that County Court abused its discretion in denying his CPL 440.10 motion because the People withheld *Brady* evidence, thus entitling him to withdraw his plea. We disagree. The undisclosed evidence that the palm print here was falsified is not material (*see, Brady v Maryland*, 373 US 83, 87), because it does not tend to establish defendant's innocence (*see, People v Lesiuk*, 81 NY2d 485, 490, *affg* 186 AD2d 296; *People v Martin*, 240 AD2d 5, 8-9, *lv denied* 92 NY2d 856). Nor can we agree that this evidence, if disclosed, would have materially affected defendant's decision to plead guilty rather than proceed to trial (*see, People v Martin, supra* at 10), because we find no basis to question County Court's conclusion that the remaining evidence of defendant's guilt was overwhelming. Specifically, County Court cited the incriminating testimony of a police informant, defendant's girlfriend and two of his friends, plus physical evidence collected by the local police (*see, People v Muniz*, 215 AD2d 881, 884). Clearly, this was not a case where fabricated evidence was the only proof linking defendant to the crime, or where the evidence before the grand jury was legally insufficient (*see, People v Pelchat*, 62 NY2d 97, 106-107).

Similarly, we find no evidence supporting defendant's contention that his plea and conviction were obtained by fraud. Although defendant speculates that the prosecution was aware of the falsified palm print in June 1992, it is clear that the People's only information at that point concerned a different State Police Investigator who had admitted fabricating fingerprints in an unrelated case. There is simply no evidence to contradict the People's statement that March 1993 was the first time that they learned that the palm print may have been falsified.

We have considered defendant's remaining contentions and find them to be equally unavailing.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed.