THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIA FEERICK, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO ROSARIO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAYRA SCHULTZ, Appellant. [775 NYS2d 529]—

Order, Supreme Court, New York County (Bonnie G. Wittner, J.), entered on or about June 10, 2003, which denied defendants' motions pursuant to CPL 440.10 to vacate their judgments of conviction, unanimously affirmed.

Defendants' motions were properly denied without an evidentiary hearing since the claims could be determined on the basis of the trial record and the submissions on the motion (*see People v Satterfield*, 66 NY2d 796, 799 [1985]).

The People did not violate their duty to disclose exculpatory information, since the trial record clearly establishes that the People furnished, or made available, the pertinent information about the complainant's 1983 narcotics arrest to all of the defendants (*see People v Doshi*, 93 NY2d 499, 506 [1999]); since there is no basis in the record upon which to find that the action taken in 1992 when the complainant was returned on a violation of probation warrant constituted undisclosed lenient treatment (*see People v Ross*, 288 AD2d 138 [2001], *lv denied* 98 NY2d 655 [2002]); and since the criminal history of the complainant's nontestifying boyfriend was immaterial under the circumstances. In any event, there is no reasonable possibility that any of the alleged nondisclosures affected the result (*see People v Vilardi*, 76 NY2d 67 [1990]).

The decisions by this Court (241 AD2d 126, 136-138 [1998]) and the Court of Appeals (93 NY2d 433, 452 [1999]) on defendants' direct appeals are dispositive of their claims concerning allegedly undisclosed *Rosario* material, and we reject defendants' arguments to the contrary (*see People v Graves*, 85 NY2d 1024, 1027 [1995]; *see also* CPL 440.10 [2] [a]).

We have considered and rejected defendants' remaining claims. Concur—Nardelli, J.P., Andrias, Sullivan and Ellerin, JJ.