[866 NE2d 1032, 834 NYS2d 704]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JONATHAN DEAN, Appellant.

Decided April 3, 2007

930

### APPEARANCES OF COUNSEL

*Jaime C. Louridas*, Schenectady, for appellant.

*Kevin C. Kortright, District Attorney*, Fort Edward (*Katherine G. Henley* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be modified by directing that defendant's sentences run concurrently, and as so modified, affirmed.

Defendant was indicted on August 10, 2004, in a seven-count indictment charging him with unlawful surveillance in the second degree, endangering the welfare of a child, four counts of possessing a sexual performance by a child, and promoting a sexual performance by a child. The charges were based both on videotapes found in defendant's possession containing footage of his and a neighbor's children, and on digital photographs found on defendant's computer depicting sexual conduct involving children. As to each count, the indictment described the conduct forming the basis for the allegations, but only generally stated that each act was performed "during the month of July, 2004." While the August 10 indictment was pending, the grand jury handed down a second indictment, charging defendant with seven additional counts of possessing a sexual performance by a child. In satisfaction of both indictments, defendant pleaded guilty to three counts of possessing a sexual performance by a child (as set forth in the August 10 indictment), and pursuant to agreement was sentenced to three terms of 1 to 3 years, to run consecutively.

Defendant now claims that the consecutive sentences were illegal, as the court did not have facts before it to support a determination that he took possession of each of the digital images at a separate time. A trial court may impose consecutive sentences when "the facts demonstrate that the defendant's

acts underlying the crimes are separate and distinct" (*People v Ramirez*, 89 NY2d 444, 451 [1996]; *see* Penal Law § 70.25). In ascertaining the existence of such facts, "where defendant has pleaded guilty to one or more counts alleged in the indictment, [the People] may rely on the allegations of those counts as well as the facts adduced at the allocution" (*People v Laureano*, 87 NY2d 640, 644 [1996]). As the People did not include the date and time of each of the allegedly separate acts of downloading the digital images set forth in the indictment, or include such facts in defendant's plea allocution, the court was without authority to impose consecutive sentences.

Chief Judge Kaye and Judges Ciparick, Graffeo, Read, Smith, Pigott and Jones concur.

Order modified in accordance with the memorandum herein and, as so modified, affirmed.