Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered June 6, 2011, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree (three counts).
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with various crimes stemming from his sexual contact with two young girls — one of whom was his then seven-year-old relative. In full satisfaction thereof, defendant pleaded guilty to three counts of sexual abuse in the first degree and waived his right to appeal all matters except, insofar as is relevant here, those pertaining to sentencing.* Defendant thereafter was sentenced — in accordance with the parameters set forth in the plea agreement — to consecutive prison terms of six years, together with a $5,000 fine, upon each of the three counts. Defendant now appeals, contending that the consecutive sentence imposed upon counts 2 and 3 is illegal and, further, that the aggregate prison term (18 years) and fine imposed ($15,000) are harsh and excessive.
We disagree. Although defendant’s challenge to the legality of his sentence survives both his guilty plea and his limited waiver of the right to appeal (see People v Brennan, 62 AD3d 1167, 1168 [2009], lv denied 13 NY3d 794 [2009]), we find it to be lacking in merit. The eight-year-old victim’s statement to the police, together with the admissions made by defendant during the course of the presentence investigation (cf. People v Good-band, 291 AD2d 584, 585 [2002]; People v Lockenwitz, 287 AD2d 891, 891 [2001]; People v Scandell, 143 AD2d 423, 425 [1988], lv denied 73 NY2d 790 [1988], cert denied 489 US 1080 [1989]), are sufficient to establish that defendant committed “two separate and distinct acts” (People v Laureano, 87 NY2d 640, 644 [1996]) against the victim in question. Accordingly, County Court’s imposition of consecutive sentences upon counts 2 and 3 was entirely proper.
Finally, under the circumstances presented and given the *1566 heinous nature of the crimes at issue, we discern no basis upon which to disturb either the sentence or the fine imposed by County Court (see People Brickey, 3 AD3d 603, 604 [2004], lv denied 2 NY3d 737 [2004]; People v Oliver, 276 AD2d 930, 931 [2000]).
Lahtinen, J.P., Spain, McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

 The first count of the superior court information involved conduct committed against defendant’s relative; the second and third counts related to the second victim, who was then eight years old.