*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 26, 2015                    106668
_____

THE PEOPLE OF THE STATE OF
     NEW YORK,
                         Respondent,

          v                                   MEMORANDUM AND ORDER

DANTE L. SMALLS,
                         Appellant.
_____


Calendar Date:  February 19, 2015

Before:  Peters, P.J., McCarthy, Rose and Clark, JJ.

                         _____


     Robert N. Gregor, Lake George, for appellant.

     Karen A. Heggen, District Attorney, Ballston Spa (Ann C.
Sullivan of counsel), for respondent.

                         _____


Peters, P.J.

     Appeal from a judgment of the County Court of Saratoga
County (Scarano, J.), rendered March 5, 2014, convicting
defendant upon his plea of guilty of the crime of tampering with
physical evidence.

     Following a traffic stop on March 5, 2013, defendant was
arrested and later arraigned in Town Court on a felony complaint
charging him with assault in the second degree and other crimes
stemming from his conduct during and after the traffic stop.
Defendant thereafter appeared with counsel in County Court,
waived a preliminary hearing on the felony complaint, waived
indictment and consented to be prosecuted by a superior court
information charging him with tampering with physical evidence,
in satisfaction of all charges.  Pursuant to a plea agreement,

defendant entered a guilty plea to tampering with physical evidence, waived his right to appeal and was sentenced to six months in jail with five years of probation.  He appeals.

We are unpersuaded by defendant's contention that his waiver of his statutory right to a preliminary hearing (see CPL 180.10 [2]) was not knowing or intelligent and rendered his guilty plea invalid.  Assuming that this claim survives defendant's appeal waiver (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]), which he does not challenge, it is nonetheless unpreserved for our review inasmuch as he did not make an appropriate postallocution motion to withdraw his guilty plea (see People v Guyette, 121 AD3d 1430, 1431 [2014]).

In any event, defendant appeared and, pursuant to the plea terms, acknowledged that the "local court waiver" signed by his attorney waived his right to a preliminary hearing.  He thereafter entered a guilty plea that was, in all respects, voluntary, knowing and intelligent (see People v Haffiz, 19 NY3d 883, 884 [2012]), "thereby effectively waiving his right to [a] hearing" (People v Gallagher, 34 AD3d 941, 942 [2006], lv denied 8 NY3d 880 [2007]; see People v Talback, 32 AD3d 559, 560 [2006], lv denied 7 NY3d 870 [2006]).  Further, a waiver of this statutory right will be upheld where, as here, it was knowing, voluntary and intelligent (see People v Vargas, 88 NY2d 363, 375-376 [1996]; People v Spotford, 85 NY2d 593, 597-598 [1995]; People v Webb, 78 NY2d 335, 339-340 [1991]).  Defendant's remaining claims have been reviewed and found to be lacking in merit.

McCarthy, Rose and Clark, JJ., concur.

ORDERED that the judgment is affirmed.



                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court