*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 2, 2015                    107143
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

JOHN HOWLAND,
                        Appellant.
_____

Calendar Date:   May 27, 2015

Before:   Peters, P.J., Lahtinen, Garry and Devine, JJ.

_____

        Denis J. McClure, Kingston, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

_____

Peters, P.J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered September 27, 2013, convicting defendant
upon his plea of guilty of the crime of criminal contempt in the
first degree (two counts).

        In satisfaction of a 19-count indictment, defendant pleaded
guilty to two counts of criminal contempt in the first degree and
waived his right to appeal.  He was sentenced in accordance with
the plea agreement to consecutive prison terms of 1½ to 3 years.
Defendant now appeals.

        Initially, we note that defendant's challenge to the
legality of his consecutively imposed sentences survives his
guilty plea and waiver of the right to appeal (see People v

Lamica, 95 AD3d 1565, 1565 [2012]). Nevertheless, we find this contention to be without merit. Consecutive sentences may be imposed "when the facts demonstrate that the defendant's acts underlying the crimes are separate and distinct" (People v Dean, 8 NY3d 929, 930-931 [2007] [internal quotation marks and citation omitted]; see People v Lynch, 291 AD2d 582, 583 [2002]). Here, although the counts upon which defendant was convicted contain identical language and the dates of the offenses are the same, the facts adduced at the allocution establish that defendant telephoned the victim and left threatening voice mail messages more than once on the same day. As such, the record establishes that defendant's convictions consisted of separate and distinct acts and, therefore, we find no error in County Court's imposition of consecutive sentences (see People v Moon, 119 AD3d 1293, 1294-1295 [2014], lv denied 24 NY3d 1004 [2014]; People v Cortese, 79 AD3d 1281, 1285 [2010], lv denied 16 NY3d 857 [2011]; People v Williams, 51 AD3d 1141, 1145 [2008], lvs denied 10 NY3d 959, 965 [2008]; People v Grady, 40 AD3d 1368, 1375 [2007], lv denied 9 NY3d 923 [2007]). Defendant's remaining contentions, to the extent that they are not foreclosed by his valid waiver of appeal, are not preserved for our review as there is no indication in the record that defendant made a postallocution motion to withdraw his plea of guilty (see People v Smalls, 126 AD3d 1240, 1240 [2015]; People v Martin, 125 AD3d 1054, 1054 [2015]).

Lahtinen, Garry and Devine, JJ., concur.


ORDERED that the judgment is affirmed.



ENTER:



Robert D. Mayberger
Clerk of the Court