*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 21, 2016                    107104
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

EMMETT WOODS,
                        Appellant.
_____


Calendar Date:  April 28, 2016

Before:  McCarthy, J.P., Garry, Egan Jr., Devine and Aarons, JJ.

                        _____


        Sandra M. Colatosti, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Brittany L.
Grome of counsel), for respondent.

                        _____


Aarons, J.

        Appeal from a judgment of the County Court of Albany County
(Herrick, J.), rendered August 25, 2014, convicting defendant
upon his plea of guilty of the crimes of scheme to defraud in the
first degree, identity theft in the second degree and criminal
possession of a forged instrument in the second degree.

        Pursuant to a negotiated plea agreement, defendant waived
indictment and pleaded guilty to scheme to defraud in the first
degree, identity theft in the second degree and criminal
possession of a forged instrument in the second degree as charged
in separate superior court informations.  Defendant also orally
waived his right to appeal and executed a written waiver of
appeal in open court.  County Court sentenced defendant, as a
second felony offender, to an aggregate prison term of 7½ to 15

years in accordance with the plea agreement and also directed him to pay restitution, jointly and severally with his codefendant, in the amount of $23,900, plus a five percent surcharge. Defendant appeals.

Initially, we disagree with defendant that his waiver of appeal was invalid. In the written waiver, defendant acknowledged that he discussed with his counsel the legal ramifications of waiving his right to appeal, that he ordinarily retained the right to appeal and that, as part of his negotiated plea, he was waiving that right. Moreover, County Court provided defendant with time to read, sign and discuss the waiver with counsel, confirmed that defendant understood the waiver and explained that his waiver of appeal was separate and distinct from those rights forfeited upon his guilty plea. Accordingly, we conclude that defendant's waiver of appeal was knowing, voluntary and intelligent (see People v Therrien, 134 AD3d 1231, 1232 [2015]; People v Fligger, 117 AD3d 1343, 1344 [2014], lv denied 23 NY3d 1061 [2014]; People v Rosseter, 62 AD3d 1093, 1094 [2009]). Defendant's argument that the sentence was harsh and excessive is therefore precluded by his valid waiver of appeal (see People v Lopez, 6 NY3d 248, 256 [2015]; People v Brasmeister, 136 AD3d 1122, 1123 [2016], lv denied 27 NY3d 993 [2016]).

Although the appeal waiver does not preclude defendant's assertion that County Court should have conducted a restitution hearing (see People v Thomas, 71 AD3d 1231, 1232 [2010], lv denied 14 NY3d 893 [2010]; compare People v Taylor, 70 AD3d 1121, 1122 [2010], lv denied 14 NY3d 845 [2010]), he neither requested a hearing nor objected to the amount of restitution imposed at the time of sentencing. In addition, while the amount was not specified, defendant's plea agreement contemplated restitution, and defense counsel expressly stated, at sentencing, that he had reviewed the amount of restitution proposed by the People and had no objection to it. Under these circumstances, defendant's contention is unpreserved for our review, and we discern no reason to take corrective action in the interest of justice (see People v Sparbanie, 110 AD3d 1119, 1120 [2013], lv denied 22 NY3d 1203 [2014]; People v Rossborough, 100 AD3d 1149, 1149 [2012]).

Finally, we disagree with defendant's contention that County Court imposed an illegal sentence by directing that the sentences for scheme to defraud in the first degree and identity theft in the second degree run consecutively.[1]  Under the circumstances of this case, the allegations set forth in the superior court informations, combined with the facts adduced during the plea allocution, sufficiently establish that these crimes "are distinct and [that] the charges arose from separate acts" (People v Hayes, 71 AD3d 1187, 1189 [2010], lv denied 15 NY3d 852 [2010]).  Accordingly, we conclude that the imposition of consecutive sentences was not illegal (see People v Dean, 8 NY3d 929, 931 [2007]; People v Howland, 130 AD3d 1105, 1105 [2015], lv denied 26 NY3d 1089 [2015]).

McCarthy, J.P., Garry, Egan Jr. and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[1]  Defendant's waiver of his right to appeal does not preclude his challenge to the legality of his sentence (see People v Howland, 130 AD3d 1105, 1105 [2015], lv denied 26 NY3d 1089 [2015]).