Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered: November 10, 2016          107245
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
                 Respondent,

     v                                    MEMORANDUM AND ORDER

SUZETTE GUZMAN-MOORE,
                 Appellant.
_____

Calendar Date: September 20, 2016

Before: McCarthy, J.P., Egan Jr., Rose, Devine and Clark, JJ.

_____

Donnial K. Hinds, Albany, for appellant.

P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.

_____

Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered August 28, 2014, convicting defendant upon her plea of guilty of the crimes of scheme to defraud in the first degree and identity theft in the second degree (three counts).

Defendant waived indictment and pleaded guilty to scheme to defraud in the first degree and three counts of identity theft in the second degree. Defendant also orally waived her right to appeal and executed a written appeal waiver in open court. County Court sentenced defendant in accordance with the terms of the plea agreement to consecutive prison terms of 1 to 3 years on

each charge.  Defendant appeals.[1]

Defendant contends that the sentence imposed is harsh and excessive.  Such challenge is precluded by defendant's unchallenged waiver of the right to appeal (see People v Mann, 140 AD3d 1532, 1533 [2016]; People v Perkins, 140 AD3d 1401, 1403 [2016]).  To the extent that defendant contends that it was illegal for County Court to impose consecutive sentences, challenges to the legality of a sentence are not precluded by an appeal waiver (see People v Blair, 140 AD3d 1478, 1479 [2016], lv denied 28 NY3d 927 [2016]).  However, we find this argument to be without merit, as "the allegations set forth in the superior court information[], combined with the facts adduced during the plea allocution, sufficiently establish that these crimes are distinct and [that] the charges arose from separate acts" (People v Woods, 141 AD3d 954, 956 [2016] [internal quotation marks and citation omitted]).

McCarthy, J.P., Egan Jr., Rose, Devine and Clark, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court

---

[1]  Defendant's challenge to the validity of the appeal waiver was raised for the first time in her reply brief and, therefore, is not properly before this Court (see People v Neal, 133 AD3d 920, 921 n 2 [2015]; People v Davenport 58 AD3d 892, 894 [2009], lv denied 12 NY3d 782 [2009]).  Were we to consider this issue, we would find that defendant knowingly, voluntarily and intelligently waived the right to appeal (see People v Constantopoules, 141 AD3d 942, 942-943 [2016]).