■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL C. MANGARILLO, Appellant. [59 NYS3d 572]—

Lynch, J. Appeals (1) from a judgment of the County Court of Clinton County (McGill, J.), rendered June 18, 2014, convicting defendant upon his plea of guilty of the crimes of sexual abuse in the first degree and criminal sexual act in the second degree, and (2) by permission, from an order of said court, entered February 25, 2016, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, after a hearing.

In 2013, the victim, who is autistic, made detailed allegations that a male relative had sexually abused her on numerous occasions during a visit to his residence in the summer of 2012, when she was 11 years old and he was 54 years old. Defendant was charged by felony complaint with predatory sexual assault against a child, sexual abuse in the first degree and criminal sexual act in the second degree. Defendant thereafter waived indictment and agreed to be prosecuted by a superior court information charging sexual abuse in the first degree and criminal sexual act in the second degree, and pleaded guilty to those charges. Pursuant to the plea agreement, which included a waiver of appeal, County Court imposed consecutive prison terms of six years for each conviction, with 10 years of post-release supervision. Defendant thereafter moved, pursuant to CPL 440.10, to vacate the judgment of conviction. Following an evidentiary hearing, the court denied the motion in a lengthy decision. Defendant now appeals from the judgment of conviction and, with permission, from the order denying his postconviction motion.

Defendant's primary contention on his direct appeal, that

consecutive sentences were not authorized, constitutes a challenge to the legality of the sentence, which survives his guilty plea and appeal waiver (*see People v Pacherille*, 25 NY3d 1021, 1023 [2015]; *People v Seaberg*, 74 NY2d 1, 9-10 [1989]; *People v Guzman-Moore*, 144 AD3d 1267, 1268 [2016], *lv denied* 29 NY3d 949 [2017]). Pursuant to Penal Law § 70.25 (2), "sentences imposed for two or more offenses may not run consecutively: (1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other" (*People v Brahney*, 29 NY3d 10, 14 [2017] [internal quotation marks and citation omitted]). Thus, "to determine whether consecutive sentences are permitted, a court must first look to the statutory definitions of the crimes at issue to discern whether the actus reus elements overlap" (*People v Rodriguez*, 25 NY3d 238, 244 [2015] [internal quotation marks, brackets and citation omitted]). "[E]ven if the statutory elements do overlap under either prong of the statute, the People may yet establish the legality of consecutive sentencing by showing that the acts or omissions committed by [the] defendant were separate and distinct acts" (*People v Brahney*, 29 NY3d at 14-15 [internal quotation marks, brackets and citations omitted]; *see People v Couser*, 28 NY3d 368, 375-376 [2016]).

Here, defendant pleaded guilty to sexual abuse in the first degree, admitting that he subjected the victim, a person under the age of 13, to "sexual contact" (Penal Law § 130.65 [4]), which is broadly defined as "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party" (Penal Law § 130.00 [3]). Defendant also pleaded guilty to criminal sexual act in the second degree, which, as charged, required that, being over the age of 18, he engaged in "oral sexual conduct" with a person under the age of 15 (Penal Law § 130.45 [1]). Where, as here, defendant pleads guilty to two counts in an accusatory instrument, the People were entitled to demonstrate that the acts underlying the crimes were separate and distinct only by reference to the factual allegations in the accusatory instrument and the facts admitted during the allocution (*see People v Dean*, 8 NY3d 929, 930-931 [2007]; *People v Laureano*, 87 NY2d 640, 644 [1996]; *People v Pardy*, 113 AD3d 1003, 1003 [2014]). Although our decision in *People v Lamica* (95 AD3d 1565 [2012]) suggests that the facts required for consecutive sentences may be discerned from an admission reportedly made during a presentence investigation or the victim's statement to police, that holding

should no longer be followed. Nor may the People rely on the underlying felony complaints to establish a factual basis for consecutive sentencing because the operative point here is that defendant pleaded guilty to the superior court information, which has the same force and effect as an indictment (*see* CPL 195.20 [d]; 200.15).

Importantly, both counts in the superior court information alleged that the acts occurred during the same time frame (between July 1, 2012 and July 31, 2012), neither count contained allegations about the specific acts constituting the crime, and there is no bill of particulars narrowing the specific type of sexual contact or sexual conduct alleged under either count (*see* CPL 200.95 [1]). Likewise, the plea allocution did not include admissions or particularity as to the acts committed that qualify as sexual contact or oral sexual conduct (*cf. People v Howland*, 130 AD3d 1105, 1105 [2015], *lv denied* 26 NY3d 1089 [2015]). Given that the term "sexual contact" is broad enough to include all forms of "oral sexual conduct" (*see People v Colsrud*, 144 AD3d 1639, 1640 [2016], *lv denied* 29 NY3d 1030 [2017]; *People v Baker*, 123 AD3d 1378, 1380 [2014]), the actus reus element could be the same for both offenses, that is, the same act could satisfy both crimes. As no specific date and time for each crime were alleged in the superior court information or plea allocution, and neither included underlying facts or alleged acts that were separate and distinct, consecutive sentences were not authorized (*see People v Dean*, 8 NY3d at 931; *cf. People v Woods*, 141 AD3d 954, 956 [2016], *lv denied* 28 NY3d 1076 [2016]). Since the People did not request vacatur of defendant's guilty plea, we will not consider whether that would be a proper remedy and conclude that the judgment must be modified to order that the sentences run concurrently (*see People v Laureano*, 87 NY2d at 645). Defendant's further claim that the sentence is harsh and excessive and should be reduced is precluded by his knowing, voluntary and intelligent appeal waiver (*see People v Lopez*, 6 NY3d 248, 256 [2006]).

Next, defendant contends that County Court erred in denying his motion to vacate the judgment pursuant to CPL 440.10, which was based upon, among other grounds,[1] the People's alleged failure to disclose evidence pursuant to *Brady v Maryland* (373 US 83 [1963]) that could have been used to impeach

---

1. To the extent that the motion was premised upon newly discovered evidence (*see* CPL 440.10 [1] [g]), it was properly denied as this ground is only available where the conviction was obtained following a trial (*see People v Seeber*, 94 AD3d 1335, 1336 [2012]).

the victim's credibility (*see* CPL 440.10 [1] [h]).[2] This claim concerns a police investigation report that contained a notation of statements reportedly made by the victim to friends at summer camp that were ultimately conveyed to a child protective worker and police. The report noted that the victim told her friends that defendant had subjected her to specific acts of sexual abuse and "also told her friends that she was joking, and not to tell anyone."

*Brady* is premised upon "[d]ue process[, which] requires that the People disclose to the defendant any evidence in their possession that is material to guilt or punishment" (*People v Lewis*, 125 AD3d 1109, 1110 [2015] [internal quotation marks and citation omitted]; *see Brady v Maryland*, 373 US at 87). "To establish a *Brady* violation, a defendant must show that (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material" (*People v Fuentes*, 12 NY3d 259, 263 [2009] [citation omitted]; *see People v Fisher*, 28 NY3d 717, 722 [2017]). County Court correctly concluded that, while the statement had impeachment value, defendant failed to demonstrate that it was suppressed by the People or that he was prejudiced thereby. The assigned Assistant District Attorney (hereinafter ADA) testified that, during plea negotiations, she played a video of the interview of the victim recounting the sexual abuse for defense counsel, at which time she also provided counsel with the medical report and search warrant application to review, and the materials attached to the warrant application included the report in issue containing the *Brady* remarks. While that ADA and the ADA who appeared for the plea proceedings testified that they were not aware of and had not closely read the report in question, they were adamant that the People had not suppressed it. Defense counsel testified that he did not recall being provided with this report when he viewed the video and did not believe that he had ever seen it, but acknowledged that it was possible. We defer to County Court's determination to credit the testimony of both ADAs, which established that the People provided the material and did not suppress it (*see People v Seeber*, 94 AD3d at 1336;

**2.** The claimed *Brady* violation was not waived by defendant's guilty plea (*see People v Ortiz*, 127 AD2d 305, 308 [1987], *lv denied* 70 NY2d 652 [1987]). While defendant's appeal waiver included a waiver of the right to "postconviction remedies or [CPL article] 440 motions," the People did not argue in County Court that defendant's motion to vacate was precluded by that waiver or address whether it encompassed defendant's specific claims, and the parties do not address this issue on appeal. Accordingly, we decline to do so.

*People v Feerick*, 7 AD3d 267, 268 [2004], *lvs denied* 3 NY3d 674, 680, 681 [2004]; *see also People v Garrett*, 23 NY3d 878, 886-887 [2014]).

With regard to defendant's burden of demonstrating prejudice under the third prong of the test, there was no formal discovery here and the defense made no specific request for the document in issue. Accordingly, "materiality can only be demonstrated by a showing that there is a reasonable probability that it would have changed the outcome of the proceedings" (*People v Fuentes*, 12 NY3d at 263 [internal quotation marks omitted]; *see People v Garrett*, 23 NY3d at 891). While the statement could potentially have been used to discredit the victim, it is significant that it constitutes multiple hearsay, that an abuse victim's fear of the consequences following disclosure could have been readily explained, and that the victim provided detailed accounts to police of the sexual abuse—deemed highly credible by the People and defense counsel—which defendant admitted during the plea allocution. Also, the search of defendant's residence uncovered a specific instrument used in the abuse that the victim had described to police. Defense counsel testified, confirming that he had viewed the victim's medical report and video interview, which he characterized as "disturbing and compelling," and that he had advised defendant that the victim's testimony would be "extremely damaging" to the defense and that he "strongly recommended" accepting what he believed to be a "very good" plea offer. It is also notable that "recantation evidence is viewed as an 'extremely unreliable form of evidence' " (*People v Howe*, 150 AD3d 1321, 1323 [2017], quoting *People v Larock*, 139 AD3d 1241, 1243 [2016], *lv denied* 28 NY3d 932 [2016]). Given the foregoing and that defendant was aware that he faced potential life sentencing on class A-II felonies and other charges if he were indicted (*see* Penal Law §§ 70.00 [2] [a]; 130.96), and that County Court found "incredible" his testimony that he lied during the plea proceedings and probation interview and would not have accepted the plea deal had he known of this fleeting statement, we agree with the court's conclusion that there was no reasonable probability that defendant would not have pleaded guilty had the statement been disclosed to him (*see People v Drossos*, 291 AD2d 723, 724 [2002]; *cf. People v Wagstaffe*, 120 AD3d 1361, 1364-1365 [2014], *lvs denied* 25 NY3d 1161, 1173 [2015]).

We are similarly unpersuaded by defendant's claim that his plea should be vacated on the ground that he was denied the effective assistance of counsel under federal and state law, in that defense counsel failed to discover, or withheld, the *Brady*

material. Under the federal standard, in "th[is] plea context, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" (*People v Hernandez*, 22 NY3d 972, 975 [2013] [internal quotation marks and citation omitted], *cert denied* 572 US —, 134 S Ct 1900 [2014]; *accord People v Lawrence*, 148 AD3d 1472, 1474 [2017]). Even if counsel's performance was deficient based upon the failure to recognize and disclose the *Brady* material to defendant, for reasons discussed, defendant failed to make this showing. Under the state standard, "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*People v Baldi*, 54 NY2d 137, 147 [1981]; *see People v Clark*, 28 NY3d 556, 562-563 [2016]). Viewing the overall performance of counsel and efforts to evaluate the strength of the evidence at the preindictment stage, and considering the compelling evidence of guilt and the advantageous plea agreement that avoided more serious charges that carried potential life sentences, we find that defendant received meaningful representation (*see id.*; *People v Taylor*, 144 AD3d 1317, 1319 [2016], *lv denied* 28 NY3d 1151 [2017]).

We have considered defendant's remaining contentions and determined that none has merit.

Egan Jr., J.P., and Aarons, J., concur.

Clark, J. (concurring in part and dissenting in part). We disagree with the majority's conclusion that the legality of the consecutive sentences to which defendant agreed cannot be established by looking to the allegations in the underlying sworn felony complaints, where, as here, defendant waived indictment and agreed to be prosecuted by a superior court information (hereinafter SCI). Accordingly, insofar as the majority modifies the sentence imposed upon defendant, we respectfully dissent.

As explained by the majority, in determining whether consecutive sentences may be lawfully imposed, courts must first look to the statutory definitions of the crimes of which the defendant has been convicted to "determine whether the *actus reus* element is, by definition, the same for both offenses . . . , or if the *actus reus* for one offense is, by definition, a material element of the second offense" (*People v Laureano*, 87 NY2d 640, 643 [1996]; *see* Penal Law § 70.25 [2]; *People v Couser*, 28 NY3d 368, 375 [2016]). Even if the statutory elements overlap,

the People may nevertheless satisfy their obligation of establishing the legality of consecutive sentences "by showing that the acts or omissions committed by [the] defendant were separate and distinct acts" (*People v Laureano*, 87 NY2d at 643 [internal quotation marks omitted]; *see People v Dean*, 8 NY3d 929, 930-931 [2007]). The Court of Appeals has held that, in the plea context, the People may rely on the allegations in the indictment and the facts adduced at the plea allocution to demonstrate that the acts or omissions were separate and distinct acts, so long as the defendant has pleaded guilty to one or more counts alleged in the indictment (*see People v Dean*, 8 NY3d at 931; *People v Laureano*, 87 NY2d at 644; *People ex rel. Maurer v Jackson*, 2 NY2d 259, 265 [1957]). "Where [the] defendant has been convicted upon a plea to a lesser offense than that charged in the indictment, the People may rely only on those facts and circumstances admitted during the plea allocution" (*People v Laureano*, 87 NY2d at 644 [citation omitted]; *see People v Griffin*, 7 NY2d 511, 515 [1960]).

The Court of Appeals has not affirmatively stated that sentencing courts may, in addition to the facts and circumstances admitted during the plea allocution, look to the allegations in other types of accusatory instruments to determine whether the acts or omissions underlying the convictions were separate and distinct. However, the Third Department, as well as the Second Department, has held that the People may rely on the information in the SCI to satisfy their burden of establishing that the underlying acts or omissions were separate and distinct (*see People v Guzman-Moore*, 144 AD3d 1267, 1268 [3d Dept 2016], *lv denied* 29 NY3d 949 [2017]; *People v Woods*, 141 AD3d 954, 956 [3d Dept 2016], *lv denied* 28 NY3d 1076 [2016]; *People v Bullip*, 59 AD3d 561, 561-562 [2d Dept 2009], *lv denied* 12 NY3d 814 [2009]; *see also People v Pardy*, 113 AD3d 1003, 1003 [3d Dept 2014]).

In our view, where indictment has been waived and the defendant consents to prosecution by way of an SCI (*see* CPL 195.10), the People should be entitled to rely on the sworn felony complaint—statutorily defined as an accusatory instrument (*see* CPL 1.20 [1])—to establish that the subject crimes are separate and distinct, so long as one or more of the charges in the SCI and the felony complaint are the same. Here, the record demonstrates that, upon divestiture, the local criminal court transmitted, among other things, the underlying sworn felony complaints to County Court (*see* CPL 180.30). Thus, at the time that defendant knowingly, voluntarily and intelligently waived indictment, agreed to be prosecuted by an SCI

and pleaded guilty to the SCI, County Court, as well as the parties, were aware that the crimes charged in the SCI were the same as those alleged in the corresponding felony complaints and that the felony complaints established that the actus reus of each of the charged offenses were separate and distinct. In particular, the felony complaints accused defendant of sexual abuse in the first degree for "insert[ing] his fingers into the [victim's] vagina" and criminal sexual act in the second degree for forcing the victim to "perform oral sex on him." Inasmuch as the felony complaints clearly provide the factual basis to conclude that the acts to which defendant pleaded guilty were separate and distinct, we find that the consecutive sentences imposed upon—and agreed to by—defendant are lawful. In view of the foregoing, and because we agree with the majority that the remainder of defendant's arguments lack merit, we would affirm the judgment of conviction and the order.

Devine, J., concurs. Ordered that the judgment is modified, on the law, by directing that defendant's sentences shall run concurrently rather than consecutively, and, as so modified, affirmed.

Ordered that the order is affirmed.