People v Wilson (2018 NY Slip Op 02106)





People v Wilson


2018 NY Slip Op 02106


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


1412 KA 16-01947

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EARL J. WILSON, DEFENDANT-APPELLANT. 






J. SCOTT PORTER, SENECA FALLS, FOR DEFENDANT-APPELLANT.
BARRY L. PORSCH, DISTRICT ATTORNEY, WATERLOO, FOR RESPONDENT. 


 Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered August 19, 2016. The judgment convicted defendant, upon his plea of guilty, of aggravated driving while intoxicated, aggravated vehicular homicide (two counts) and manslaughter in the second degree (two counts). 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Seneca County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of one count of aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a] [a]), and two counts each of aggravated vehicular homicide (Penal Law § 125.14 [1]) and manslaughter in the second degree (§ 125.15 [1]). Defendant's conviction arises out of a fatal motor vehicle accident that occurred when the pickup truck operated by defendant collided with a motorcycle, killing both the operator of the motorcycle and the passenger on it.
We agree with defendant that County Court erred in summarily denying his motion to withdraw his plea. In support of the motion, defendant contended, inter alia, that the People violated their Brady obligation by failing to disclose the autopsy and toxicology reports of the motorcycle operator. We note at the outset that we reject the People's contention that defendant forfeited his right to raise the alleged Brady violation by pleading guilty (see People v Ortiz, 127 AD2d 305, 308 [3d Dept 1987], lv denied 70 NY2d 652 [1987]; People v Benard, 163 Misc 2d 176, 181 [Sup Ct, NY County 1994]; see generally People v Fisher, 28 NY3d 717, 722 [2017]). Brady is premised upon considerations of fairness and due process (see People v Mangarillo, 152 AD3d 1061, 1064 [3d Dept 2017]; People v Martin, 240 AD2d 5, 8 [1st Dept 1998], lv denied 92 NY2d 856 [1998]), and we conclude that it would undermine the prosecutor's Brady obligations if a defendant is deemed to have forfeited his or her right to raise an alleged Brady violation by entering a plea without the knowledge that the People possessed exculpatory evidence (see People v DeLaRosa, 48 AD3d 1098, 1098-1099 [4th Dept 2008], lv denied 10 NY3d 861 [2008]). To the extent that our prior decisions hold that a defendant, by pleading guilty, forfeits the right to raise an alleged Brady violation (see e.g. People v Brockway, 148 AD3d 1815, 1816 [4th Dept 2017]; People v Chant, 140 AD3d 1645, 1648 [4th Dept 2016], lv denied 28 NY3d 970 [2016]; People v Chinn, 104 AD3d 1167, 1168 [4th Dept 2013], lv denied 21 NY3d 1014 [2013]), they are no longer to be followed.
On the merits, the People correctly concede that they are charged with having knowledge of the reports as of the time the reports were in the possession of the State Police, which was prior to the plea proceeding, even though the reports did not come into the possession of the District Attorney until after the plea was entered (see People v Santorelli, 95 NY2d 412, 421 [2000]).
We reject the People's contention that the reports do not contain exculpatory material and that they were thus under no obligation to disclose them. Rather, we agree with defendant that evidence of the motorcycle operator's intoxication is relevant with respect to the cause of the [*2]fatal accident and defendant's culpability therefor and, here, the toxicology report states that two blood samples obtained from the motorcycle operator indicated blood alcohol concentrations of .081 and .098. Moreover, the exculpatory value of that evidence is enhanced by defendant's initial account of the accident to State Police officers at the scene, wherein defendant asserted that the accident occurred when the motorcycle was passing another vehicle and suddenly appeared "right in front of him."
Contrary to the People's further contention, defendant cannot be charged with knowledge of the contents of the toxicology and autopsy reports based upon the assertions in his affidavit that State Police officers disclosed information to him that the operator of the motorcycle was intoxicated (cf. People v Doshi, 93 NY2d 499, 506 [1999]; People v McClain, 53 AD3d 556, 556 [2d Dept 2008], lv denied 11 NY3d 791 [2008]). We agree with defendant, moreover, that the court should not have summarily determined whether and to what extent the exculpatory information, if disclosed, would have affected defendant's decision to plead guilty (cf. Fisher, 28 NY3d at 722; People v Drossos, 291 AD2d 723, 724 [3d Dept 2002]).
We therefore hold the case, reserve decision, and remit the matter to County Court for a hearing on defendant's motion. In light of our determination, we do not address defendant's remaining contentions.
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court