People v Thompson (2018 NY Slip Op 02219)





People v Thompson


2018 NY Slip Op 02219


Decided on March 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2018

108575

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JOHN J. THOMPSON, Appellant.

Calendar Date: February 13, 2018

Before: McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ.


LaMarche Safranko Law PLLC, Clifton Park (Andrew R. Safranko of counsel), for appellant.
Jennifer M. Hollis, Special Prosecutor, Malone, for respondent.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Essex County (Ryan, J.), rendered May 3, 2016, convicting defendant upon his plea of guilty of the crime of unlawful surveillance in the second degree (four counts).
Defendant, a teacher, was indicted on, among other things, 22 counts of unlawful surveillance in the second degree. The charges stemmed from defendant asking a student to stay in his home from March 28, 2015 through April 2, 2015 while he was out of town. Defendant directed the student to sleep in the guest room and permitted her to invite friends over, including her boyfriend, and also gave her permission to drink alcohol. While
staying at defendant's home, the student found recording devices — one with a motion activated sensor — in the guest room. During the midst of jury selection, defendant pleaded guilty to four counts of unlawful surveillance in the second degree, with the recognition that the People were free to request and County Court was free to impose any legal sentence — i.e., no specific commitment as to sentencing was made. The court further cautioned that the sentences could be consecutive. Defendant also waived his right to appeal. In addition, orders of protection were issued in favor of four individuals. County Court sentenced defendant to four prison terms of 1 to 3 years, to run consecutively. Defendant appeals.
To the extent that defendant claims that the waiver of the right to appeal was not knowing, voluntary and intelligent, we disagree. Defendant acknowledged that he understood that he was waiving his appellate rights, which were not automatically forfeited by the guilty [*2]plea, and subsequently executed a detailed written waiver of the right to appeal. Further, a review of the record fails to support defendant's contention that he was in any way coerced or rushed into waiving his right to appeal. Defendant's challenge to the voluntariness of the plea, although not precluded by the waiver of the right to appeal, is nevertheless unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion (see People v Harris, 139 AD3d 1244, 1245-1246 [2016], lv denied 28 NY3d 930 [2016]; People v Walker, 135 AD3d 1244, 1244-1245 [2016]).
Next, defendant challenges the legality of the sentence, claiming that the imposition of consecutive sentences was not authorized because his conduct amounted to a single criminal act [FN1]. Penal Law § 70.25 (2) authorizes the imposition of either concurrent or consecutive sentences by the trial court, except that sentences must run concurrently "[w]hen more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other." It is the People's burden to establish "the legality of consecutive sentencing by showing that the acts or omissions committed by [the] defendant were separate and distinct acts" (People v Laureano, 87 NY2d 640, 643 [1996] [internal quotation marks omitted]; see People v McKnight, 16 NY3d 43, 48 [2010]). To that end, where, as here, a "defendant has pleaded guilty to one or more counts alleged in the indictment, [the People] may rely on the allegations of those counts as well as the facts adduced at the allocution" (People v Laureano, 87 NY2d at 644; see People v Mangarillo, 152 AD3d at 1062).
As is relevant here, "[a] person is guilty of unlawful surveillance in the second degree when: . . . [f]or his or her own, or another person's amusement, entertainment, or profit, or for the purpose of degrading or abusing a person, he or she intentionally uses or installs, or permits the utilization or installation of an imaging device to surreptitiously view, broadcast or record a person dressing or undressing or the sexual or other intimate parts of such person at a place and time when such person has a reasonable expectation of privacy, without such person's knowledge or consent" (Penal Law § 250.45 [1]). Although defendant focuses on the installation of the recording device in support of his contention that there was a single act, "[t]he 'installation' element is in the alternative to 'uses'" (William C. Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 250.45, at 347). Here, the indictment and the information in the plea allocution set forth four specific dates regarding the unlawful surveillance — each of which defendant admitted. We find that this was sufficient to establish that the instances of unlawful surveillance were separate and distinct acts so as to permit the imposition of consecutive sentences (see e.g. People v Brahney, 29 NY3d 10, 15 [2017]; cf. People v Dean, 8 NY3d 929, 931 [2007]; People v Mangarillo, 152 AD3d at 1063).
Defendant's remaining contentions, including his challenges to the sufficiency of the plea allocution and the severity of the sentence, are precluded by the valid waiver of the right to appeal.
McCarthy, J.P., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: A challenge to the legality of a sentence is not precluded by a guilty plea or the waiver of the right to appeal (see People v Pacherille, 25 NY3d 1021, 1023 [2015]; People v Mangarillo, 152 AD3d 1061, 1061-1062 [2017]).