People v Redden (2020 NY Slip Op 02502)





People v Redden


2020 NY Slip Op 02502


Decided on April 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 30, 2020

110322

[*1]The People of the State of New York, Respondent,
v
Bryan Redden, Appellant.

Calendar Date: March 24, 2020

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered March 8, 2018, convicting defendant upon his plea of guilty of the crimes of murder in the first degree (two counts), murder in the second degree (two counts), criminal possession of a weapon in the fourth degree, grand larceny in the third degree, grand larceny in the fourth degree and tampering with physical evidence.
Defendant was indicted and charged with murder in the first degree (two counts), murder in the second degree (two counts), criminal possession of a weapon in the fourth degree, grand larceny in the third degree, grand larceny in the fourth degree and tampering with physical evidence. The charges stemmed from an incident that occurred in August 2017, during the course of which defendant, while visiting the victims' home, killed a mother and her four-year-old child. As he spoke with the mother in the kitchen, defendant, who was "coming down" from being high on cocaine, "got . . . some kind of way" and "snapped," whereupon he grabbed the mother, with whom he was casually acquainted, strangled her, stabbed her twice in the chest and slit her throat. The child, who defendant did not realize was at home, then poked her head around the corner of the kitchen, at which point defendant pursued the child, "snatched her up," strangled her and slit her throat in the living room of the home. Defendant removed numerous items of value from the home and fled the scene in the mother's vehicle before stopping to dispose of the knife and other items in a dumpster behind a local gas station.
Defendant was apprehended shortly thereafter, made a full confession and subsequently agreed to plead guilty to the entire indictment with the understanding that County Court was inclined to impose an aggregate prison term of 44 years to life — subject to the arguments of counsel at the time of sentencing. County Court ultimately imposed the contemplated prison term and sentenced defendant to 22 years to life upon his convictions of murder in the first degree (counts 1 and 2 of the indictment), 22 years to life upon his convictions of murder in the second degree (counts 3 and 4 of the indictment) and to lesser periods of imprisonment upon defendant's remaining convictions. All sentences were ordered to run concurrently with each other except for the terms of imprisonment imposed under counts 3 and 4 of the indictment, which were to run consecutively to one another and concurrently with the terms imposed upon the remaining convictions. Defendant appeals, arguing that the sentence imposed is both illegal and harsh and excessive.
As to the legality of the sentence imposed, defendant argues that counts 3 and 4 of the indictment charging murder in the second degree (see Penal Law § 125.25 [1]) (intentional murder) are inclusory concurrent counts of counts 1 and 2 of the indictment charging murder in the first degree (see Penal Law § 125.27 [1] [a] [viii]) (intentional murder of more than one person). The argument continues that counts 3 and 4 should have been dismissed at the outset, and the consecutive terms of imprisonment imposed thereon are illegal.[FN1]
We disagree. CPL 300.40 (3) (b) provides, with respect to inclusory concurrent counts, that "[a] verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count submitted" (accord People v Cobb, 145 AD3d 738, 739 [2016], lv denied 29 NY3d 947 [2017]). Even assuming, without deciding, that counts 3 and 4 of the indictment indeed are inclusory concurrent counts of counts 1 and 2, defendant's reliance upon both the statute and the cases applying it (see e.g. People v Grier, 37 NY2d 847 [1975]; People v Wager, 173 AD3d 1352 [2019], lv denied 34 NY3d 1020 [2019]; People v Bailey, 295 AD2d 632 [2002], lv denied 98 NY2d 766 [2002]) is misplaced, as CPL article 300 "'deals only with trials, and has no application to convictions obtained on a plea of guilty'" (People v Cobb, 145 AD3d at 739 [brackets omitted], quoting People v Walton, 41 NY2d 880, 880-881 [1977]; see People v Dean, 302 AD2d 951, 952 [2003]; see also People v Mahy, 305 AD2d 856, 857 [2003], lv denied 100 NY2d 622 [2003]). Having elected to plead guilty to the entire indictment, as was defendant's right (see CPL 220.10 [2]), he cannot now avail himself of the provisions of CPL 300.40 (3) (b) (see People v Cobb, 145 AD3d at 739). Accordingly, dismissal of counts 3 and 4 of the indictment is not warranted.
With respect to defendant's claim that the consecutive sentences imposed were not authorized, both the sentencing minutes and the sentence and commitment form reflect that the various terms of imprisonment imposed by County Court all ran concurrently with one another except for the sentences imposed upon defendant's convictions of murder in the second degree under counts 3 and 4 of the indictment, which ran consecutively to each other and concurrently with the sentences imposed upon the remaining convictions. Penal Law § 70.25 governs a sentencing court's authority to impose consecutive sentences (see People v Brahney, 29 NY3d 10, 14 [2017]; People v Laureano, 87 NY2d 640, 643 [1996]; People v Mangarillo, 152 AD3d 1061, 1062 [2017]) and, as summarized by the Court of Appeals, "consecutive sentences may be imposed when either the elements of the crimes do not overlap or if the facts demonstrate that the defendant's acts underlying the crimes are separate and distinct; conversely, where the actus reus is a single inseparable act that violates more than one statute, a single punishment must be imposed" (People v Brahney, 29 NY3d at 15 [internal quotation marks, brackets and citations omitted]; see People v McKnight, 16 NY3d 43, 48 [2010]). Where, as here, a defendant pleads guilty to two counts in an indictment, the People may "demonstrate that the acts underlying the crimes [are] separate and distinct only by reference to the factual allegations in the [indictment] and the facts admitted during the [plea] allocution" (People v Mangarillo, 152 AD3d at 1062; see People v Laureano, 87 NY2d at 644).
Here, defendant's statements during the plea colloquy clearly reflect that his murder of the mother and her child involved separate and distinct acts — even though such acts were part of the same criminal transaction (see People v Azaz, 10 NY3d 873, 875 [2008]). Defendant, by his own admission, strangled, stabbed and slit the mother's throat as she stood in her kitchen; the child appeared shortly after defendant's attack upon the mother was completed, at which point defendant gave chase and brutally attacked and killed the child on the floor of the living room. Under these circumstances, we have no quarrel with County Court's decision to impose consecutive sentences upon the convictions under counts 3 and 4 of the indictment. Finally, although defendant further argues that the overall sentence imposed is harsh and excessive, we find no extraordinary circumstances or abuse of discretion warranting modification of the sentence in the interest of justice. Accordingly, the judgment of conviction is affirmed.
Garry, P.J., Egan Jr., Lynch and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant's challenge to the legality of the consecutive sentences imposed survives his guilty plea and is not subject to the preservation requirement (see People v Mower, 97 NY2d 239, 244 [2002]; People v Laureano, 87 NY2d 640, 643 [1996]; Matter of Mangarillo, 152 AD3d 1061, 1061-1062 [2017]).