People v Biaselli (2020 NY Slip Op 00778)





People v Biaselli


2020 NY Slip Op 00778


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND WINSLOW, JJ.


1280 KA 18-01034

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSHUA D. BIASELLI, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (SUSAN M. HOWARD OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Orleans County Court (Sara Sheldon, A.J.), rendered February 26, 2018. The judgment convicted defendant upon a plea of guilty of driving while intoxicated, as a class E felony. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of driving while intoxicated, as a class E felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i] [A]). Although we agree with defendant "that the written waiver of the right to appeal does not establish a valid waiver because [County] Court did not inquire of defendant whether he understood the written waiver or whether he had even read the waiver before signing it' " (People v Brackett, 174 AD3d 1542, 1542 [4th Dept 2019], lv denied 34 NY3d 949 [2019], quoting People v Bradshaw, 18 NY3d 257, 262 [2011]; see People v Saeli, 136 AD3d 1290, 1291 [4th Dept 2016]), we conclude that defendant's oral waiver of the right to appeal was knowingly, intelligently, and voluntarily entered (see Brackett, 174 AD3d at 1542; see generally People v Lopez, 6 NY3d 248, 256 [2006]). The court engaged defendant in " an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (Brackett, 174 AD3d at 1542; see Lopez, 6 NY3d at 256). Defendant's contention that the waiver was invalid because he simply answered "yes" to the court's explanation is without merit inasmuch as "a waiver of the right to appeal [is] not rendered invalid based on [a] court's failure to require [the] defendant to articulate the waiver in his [or her] own words" (People v Watson, 169 AD3d 1526, 1527 [4th Dept 2019], lv denied 33 NY3d 982 [2019] [internal quotation marks omitted]).
Defendant's valid waiver of the right to appeal encompasses his challenge to the severity of the sentence (see Lopez, 6 NY3d at 255-256; People v Hidalgo, 91 NY2d 733, 737 [1998]). Defendant's further contention that the court did not adhere to its promise not to impose the maximum sentence survives defendant's waiver of the right to appeal but is not preserved for our review (see People v Feher, 165 AD3d 1610, 1610-1611 [4th Dept 2018], lv denied 32 NY3d 1171 [2019]). In any event, defendant's contention is without merit. The court's statements regarding sentencing were made at the conclusion of the plea proceeding, after defendant had pleaded guilty and the court had accepted that plea, and they did not change the terms of the plea agreement, which included no sentencing promise. Defendant's remaining contentions, to the extent they are not encompassed by the waiver of the right to appeal, are not preserved for our review (see CPL 470.05 [2]; see generally People v Howland, 130 AD3d 1105, 1106 [4th Dept 2015], lv denied 26 NY3d 1089 [2015]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court