People v Biaselli (2021 NY Slip Op 00770)





People v Biaselli


2021 NY Slip Op 00770


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND WINSLOW, JJ.


1280/19 KA 18-01034

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSHUA D. BIASELLI, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (SUSAN M. HOWARD OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Orleans County Court (Sara Sheldon, A.J.), rendered February 26, 2018. The judgment convicted defendant upon a plea of guilty of driving while intoxicated, as a class E felony. The judgment was affirmed by order of this Court entered January 31, 2020 in a memorandum decision (179 AD3d 1533), and defendant on April 9, 2020 was granted leave to appeal to the Court of Appeals from the order of this Court (35 NY3d 968), and the Court of Appeals on December 15, 2020 reversed the order and remitted the case to this Court for consideration of issues raised but not decided on the appeal to this Court (— NY3d — [Dec. 15, 2020]). 
Now, upon remittitur from the Court of Appeals,
It is hereby ORDERED that, upon remittitur from the Court of Appeals, the judgment so appealed from is unanimously affirmed.
Memorandum: This case is before us upon remittitur from the Court of Appeals (People v Bisono, — NY3d &mdash, 2020 NY Slip Op 07484 [2020], revg People v Biaselli, 179 AD3d 1533 [4th Dept 2020]). We previously affirmed the judgment convicting defendant upon his plea of guilty of driving while intoxicated, as a class E felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i] [A]), concluding that defendant's waiver of the right to appeal was knowingly, voluntarily, and intelligently entered and that the waiver encompassed his challenge to the severity of the sentence (Biaselli, 179 AD3d at 1533-1534). We further concluded that defendant's contention that County Court did not adhere to its promise not to impose the maximum sentence survived the waiver but was unpreserved and without merit in any event (id. at 1534). Lastly, we concluded that defendant's remaining contentions, to the extent they were not encompassed by the waiver of the right to appeal, were not preserved for our review (id.). The Court of Appeals reversed, stating that the waiver was invalid and unenforceable pursuant to its analysis in People v Thomas (34 NY3d 545 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]) (see Bisono, — NY3d at &mdash, 2020 NY Slip Op 07484, *2). The Court of Appeals remitted the matter to this Court "for consideration of issues raised but not decided" due to the enforcement of defendant's waiver of the right to appeal (id. at &mdash, 2020 NY Slip Op 07484, *2-3).
After review of defendant's contentions upon remittitur, we conclude that the sentence is not unduly harsh or severe. We further conclude that defendant's remaining contentions are not preserved for our review (see CPL 470.05 [2]; see generally People v Howland, 130 AD3d 1105, 1106 [3d Dept 2015], lv denied 26 NY3d 1089 [2015]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court